## Brown *v.* Graham.

[No. 3,929. Filed June 6, 1901. Rehearing denied October 24, 1901. Transfer denied November 26, 1901.]

Appeal and Error.—*Justices of the Peace.*—*Judgments Less than $50.*—*Reserved Questions of Law.*—Section 642 Burns 1901, which provides a manner of presenting to the appellate tribunal under certain conditions, reserved questions of law, without bringing up the whole record, applies to cases appealable in the first instance, and not to cases which §644 Burns 1901 makes unappealable.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by James F. Brown against John Graham. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*L. E. Ritchey,* for appellant.

*R. M. Miller* and *H. C. Barnett,* for appellee.

WILEY, P. J.—Appellant was plaintiff below and commenced his action against appellee before a justice of the peace, and the only question involved was the recovery of money. The amount of the recovery for which judgment was demanded, exclusive of interest and costs, did not exceed $50. On appeal to the circuit court, where the case was tried by the court, appellant was defeated, and judgment rendered against him for costs. From such judgment appellant prosecutes this appeal.

Appellee has interposed a motion to dismiss the appeal on the ground that the amount in controversy, exclusive of interest and costs, does not exceed $50. By §644 Burns 1901, appeals from final judgments originating before a justice of the peace, where the amount in controversy, exclusive of interest and costs, does not exceed $50, are prohibited. There is an exception made by the statute to this rule, but it has no application here.

Appellant concedes that under this section of the statute, the amount in controversy, exclusive of interest and costs, not exceeding $50, this court is without jurisdiction to entertain the appeal; but insists that the appeal is prosecuted under §642 Burns 1901, whereby it is sought to present by the record a reserved question of law.

If we concede that the record properly presents a reserved question of law, under the section of the statute last cited, we are clearly of the opinion that such section does not apply to cases originating before a justice of the peace where an appeal does not lie by reason of the amount in controversy. Section 642, *supra,* provides for presenting to the appellate tribunal under certain conditions reserved questions of law, without bringing up the whole record; but it must be held to apply to cases appealable in the first instance, and not to cases which §644, *supra,* makes unappealable.

It is evident that the legislature enacted §644 for the purpose of cutting off appeals in cases where the only question involved was the recovery of insignificant sums of money.

To put the construction upon §642, *supra,* for which appellant contends, would make nugatory §644, *supra;* for in every case originating before a justice of the peace, either party could reserve a question of law and prosecute an appeal to the Supreme Court or Appellate Court solely upon such reserved question of law. It is plain, therefore, as above stated, that §642, *supra,* is only applicable to appeals that may be taken in the first instance from all final judgments from circuit and superior courts, and does not apply to the exception in the statute prohibiting appeals originating before a justice of the peace where the amount in controversy, exclusive of interest and costs, does not exceed $50.

Appeal dismissed.