SHAUL ET AL. *v.* CITIZENS STATE BANK OF NEW CASTLE.

[No. 19,641.   Filed October 11, 1901.]

APPEAL.—*Case Within Jurisdiction of Justice of the Peace.*—Under the provision of the act of 1901 (Acts 1901, p. 566) no appeal lies to the Supreme or Appellate Court from a judgment on a promissory note not exceeding $200.

From Hamilton Circuit Court; *John F. Neal,* Judge.

Action by Citizens State Bank of New Castle against Isaac Shaul and others on a promissory note. From a judgment in favor of plaintiff for $131.75, defendants appeal. *Appeal dismissed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellants.

*Geo. Shirts* and *W. R. Fertig,* for appellee.

MONKS, C. J.—Appellee brought this action on a promissory note for $100 with interest, and recovered judgment against appellants for $131.75. Appellee moves to dismiss the appeal on the ground that the same is a civil action within the jurisdiction of a justice of the peace, and is, therefore, not appealable.

Section 6 of the act of 1901 (Acts 1901, p. 566), being §1337f Burns 1901, provides that no civil case within the jurisdiction of a justice of the peace can be appealed to the Supreme Court or Appellate Court, except as provided in §8 of said act. Said §8, being §1337h Burns 1901, provides for an appeal to the Supreme Court in cases unappealable under said §6 (1337f), *supra,* only when "there is a question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, State or federal, or the proper construction of a statute, or rights guaranteed by the State or federal Constitution."

Section 1500 Burns 1901, §1433 R. S. 1881 and Horner 1897, provides that "Justices of the peace shall have

jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed $100, and concurrent jurisdiction to the amount of $200."

This action, being on a promissory note for not more than $200, was clearly within the jurisdiction of a justice of the peace. The fact that the amount of the principal and interest of said note was more than $100 is immaterial, for the reason that a justice of the peace, under §1500 (1433), *supra,* has jurisdiction in actions like this to the amount of $200.

As no question mentioned in §8, §1337h, *supra,* is presented, this action is not appealable. The motion to dismiss the appeal is, therefore, sustained. Appeal dismissed.