Deane *v.* State.

manded to the lower court for further proceedings not inconsistent with this opinion.

## DEANE *v.* THE STATE.

[No. 19,890.   Filed October 14, 1902.]

APPEAL.—*Misdemeanor.— Construction of Statute.—Intoxicating Liquors.*
—The question of "the proper construction of a statute" within
the meaning of §8 of the act of 1901 (Acts 1901, p. 565), containing an exception to the provision of said act denying the
right of appeal in cases of misdemeanor is not presented by a
motion to quash an affidavit charging appellant with violating
§7283c Burns 1901, by permitting persons other than members of
his family  on a legal holiday, to enter his place of business
wherein he was engaged in the sale of intoxicating liquors, because the affidavit did not charge that appellant was the proprietor of a room in which intoxicating liquors were sold by virtue of a "license" under the laws of the State of Indiana, the
statute being plain in its provisions.

From White Circuit Court; *W. S. Bushnell,* Special
Judge.

William Deane was convicted of permitting persons
on a legal holiday to enter his place of business where intoxicating liquors were sold, and he appeals. *Appeal
dismissed.*

*A. W. Reynolds, A. K. Sills* and *G. C. Reynolds,* for appellant.

*W. L. Taylor,* Attorney-General, *C. C. Hadley* and
*Merrill Moores,* for State.

JORDAN, J.—Appellant was indicted for and convicted
of violating the provisions of §3 of the liquor law of 1895,
§7283c Burns 1901, by permitting persons other than members of his family, on the 4th day of July, 1900, to enter
his place of business wherein he was engaged in the sale of
intoxicating liquors to be used and drunk as a beverage.
From the judgment of conviction he has appealed directly
to this court, and the only error assigned is that the lower

court erred in overruling his motion to quash the indictment.

As the crime of which appellant was convicted is only a misdemeanor, the right of appeal is denied under §7 of an act approved March 12, 1901 (Acts 1901, p. 565), unless the case can be said to fall within some of the exceptions embraced in §8 of that act. Section 3 of the liquor law of 1895, commonly known as the Nicholson law, is as follows: "Any room where spirituous, vinous, malt or other intoxicating liquors are sold by virtue of a license under the laws of the State of Indiana, shall be so arranged that the same may be securely closed and locked, and admission thereto prevented and the same shall be securely locked and all persons excluded therefrom on all days and hours upon which the sale of such liquors is prohibited by law. It is hereby made unlawful for the proprietor of such a place and the business herein contemplated of selling intoxicating liquors, to permit any person or persons other than himself and family to go into such room and place where intoxicating liquors are so sold upon such days and hours when the sale of such liquors is prohibited by law." Acts 1895, p. 284.

The indictment under which appellant was convicted, omitting the formal parts, reads as follows: "The grand jurors of White county, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of White, in the name and by the authority of the State of Indiana, on their oath present that one William Deane, late of said county, on the 4th day of July, A. D. 1900, at and in the county of White, in said State of Indiana, he, the said William Deane, being then and there the proprietor of a certain room situate in Monticello, in said county of White, and State of Indiana, and which said room was then and there situated on the following land, to wit [here follows the description of the

Deane *v.* State.

real estate], in which said room intoxicating liquors were then and there sold by said William Deane under and by virtue of the laws of the State of Indiana, to be used and drunk as a beverage, and to persons not then and there holding a prescription from a reputable physician, did then and there unlawfully permit divers persons, whose names are unknown to said grand jurors, but who were not then and there members of the family of said William Deane, to go and enter into said room where said liquors were so sold as aforesaid on the 4th day of July, 1900, the said 4th day of July, 1900, being a legal holiday, contrary," etc.

An inspection of this indictment certainly discloses that the prosecution is based upon §3 of the liquor law of 1895. The contention of counsel for appellant is that the indictment is bad, and ought to have been quashed, because it does not charge that the accused "was the proprietor of a room where spirituous, vinous, malt, and other intoxicating liquors were sold by virtue of a license under the laws of the State of Indiana."

And the further contention is advanced that the alleged insufficiency of the indictment upon the motion to quash raises and duly presents the proper construction of §3, *supra,* hence, under the exception provided by §8 of the act of March 12, 1901 (Acts 1901, p. 565), appellant's right to appeal to this court is sought to be sustained. There is no contention on his part that upon a proper construction of §3, *supra,* it ought to be held that it does not define a public offense, or that the law, so far as applicable to this action, can be said to be impressed with some ambiguity which presents a question of construction within the meaning of §8, *supra;* but the sole insistence, seemingly, is that the averments of the indictment, or, rather, the omission to employ therein the word "license" rendered the indictment insufficient to charge the offense within the plain words of the act defining the same. Or, in other words, because the exact words or language of the statute

were not used in drafting it, the question of its sufficiency depends upon the proper construction of the section upon which the prosecution rests. Appellant's contention, under the circumstances, certainly can not be said to present any question for the proper construction of the statute within the meaning of the exception as declared in §8, *supra*, but rather, raises one which wholly relates to the construction of the pleading. The language of §8, *supra*, so far as it can be said to concern this case is, "Every case in which there is in question, and such question is duly presented, * * *" for *"the proper construction of a statute, * * ** shall be appealable directly to the Supreme Court, for the purpose of presenting such question only." (Our italics.)

Certainly the phrase "the proper construction of a statute" can not be said to apply to or include a statute which is so plain in its terms and provisions as to leave no room for judicial construction, otherwise the prohibition of §7, denying an appeal, could be easily evaded upon the mere assertion of an appellant that the point involved in the case depended upon the construction of a statute. Where the act is, under its terms and provisions, plain and umambiguous, and admits of but one meaning, it can not be said to be open to a construction within the meaning of the exception in §8. Under such circumstances the law, if valid, must be taken and enforced as written, for it is not permissible to interpret or construe that which has no need of construction. The province of construction, as the authorities assert, lies wholly within the domain of ambiguity. Endlich, Interp. of Stat., §4; Sedgwick, Stat. Con. (2d ed.), 195; 23 Am. & Eng. Ency. Law, 298, and authorities cited in foot note 2; *State* v. *Sopher,* 157 Ind. 360.

Black in his construction and interpretation of laws, on page 1, says: "Construction, as applied to written law, is the art or process of discovering and expounding the meaning and intention of the authors of the law with re-

spect to its application to a given case, where that intention is rendered doubtful either by reason of apparently conflicting provisions or directions, or by reason of the fact that the given case is not explicitly provided for in the law."

Whether a question might arise in some given case which would depend on the construction of §3, *supra,* within the intent and meaning of the exception in controversy, we need not decide. It is manifest, however, we think, that no question involving its construction under the particular facts in this case is presented within the meaning of the exception mentioned. It follows, therefore, that by virtue of the prohibition of §7, *supra,* we can not entertain this appeal and the same is ordered to be dismissed.