MENDENHALL ET AL. *v.* DIAMOND PLATE GLASS
COMPANY ET AL:

[No. 20,079.    Filed October 28, 1903.    Petition to reinstate overruled
February 5, 1904.]

APPEAL—*Judgment Within Jurisdiction of Justice of the Peace.*—*Construction
of Statute.*—*Gas Lease.*—Where in an action on a gas lease for damages
for failure to furnish plaintiffs gas for domestic purposes the court con-
strued the contract in suit as creating a tenancy from year to year and
held that defendant had the right to terminate the tenancy and aban-
don the premises at the expiration of any year, without giving notice,
such holding did not involve a construction of §§7089, 7090 Burns 1901,
relating to tenancies, within the meaning of §1337f Burns 1901, so as to
permit an appeal from a judgment within the jurisdiction of a justice of
the peace.

From Howard Circuit Court; *J. F. Elliott,* Judge.

Action by Hannah E. Mendenhall and others against
the Diamond Plate Glass Company and others. From a
judgment for plaintiffs, they appeal. *Appeal dismissed.*

*B. C. Moon,* for appellants.

*Milton Bell, W. C. Purdum, J. C. Blacklidge, .C. C. Shir-
ley* and *Conrad Wolf,* for appellees.

JORDAN, J.—Appellants sued appellees to recover dam-
ages for the failure of the latter to furnish natural gas
for domestic use under a contract executed, as party of
the first part, by Sarah A. Trott and Hannah E. Menden-
hall and their respective husbands, and the Diamond Plate
Glass Company, party of the second part. By this contract
the right was granted to the said second party to have in-
gress and egress to and from one acre of ground, described
by metes and bounds, situate in Howard county, Indiana,
for the purpose of drilling and operating a gas-well, etc.
In consideration of this right the second party agreed to
furnish free to the first party, during the continuance of
the contract, natural gas necessary for domestic use for

two dwelling-houses situated on the premises. It was pro-. vided in the written instrument in question that "this contract shall be deemed to commence and run from the date of the signing hereof, and shall be deemed to have terminated whenever natural gas ceases to be used generally for manufacturing purposes, or whenever the second party, their heirs or assigns, shall fail to pay or tender the rental price herein agreed upon within sixty days of the date of its becoming due. And in the event of the termination hereof, for any cause, all rights and liabilities hereunder shall cease and terminate." This contract was made a part of the complaint, and plaintiffs demanded $200 damages for the breach thereof. There was a trial by the court, and special finding of facts and conclusions of law thereon. Judgment was rendered in favor of appellants for $10. From this judgment they attempt to prosecute this appeal.

The transcript was filed in this court on January 21, 1903. The point is raised by counsel for appellee that this is not an appealable case, for the reason that the amount in controversy is within the jurisdiction of a justice of the peace, and, therefore, the appeal is forbidden by §1337f Burns 1901, and it is insisted that it should be dismissed. Counsel for appellants, however, contend that the case falls within the exception of §1337h Burns 1901, for the reason that "there is in question, and such question is duly presented, * * * the proper construction of a statute."

The court below found that the contract set out in the complaint was executed on August 11, 1892. The ownership of the land, and certain sales thereof, and the assignment of the contract, and other matters about which no question arises, are all shown in the special finding. It is further found that the Diamond Plate Glass Company entered upon the land in controversy under the contract and laid pipes for the transportation of natural gas, etc.,

until it assigned the contract to the Pittsburg Plate Glass Company. This latter company on April 1, 1895, entered upon the premises, under the contract, and continued to operate and maintain the gas-pipes thereon until about May 1, 1899, when it removed the pipes from the land, and abandoned the possession thereof, and has neither occupied nor claimed the right to occupy the same since that time. It is found that this company at no time gave either an oral or written notice to appellants of their desire or intention to terminate said contract, except only such notice as might be inferred from the fact that the company tore up and removed the pipe-line from the premises, and also removed its gas-pipes from all other lands in the neighborhood.

The court finds that the damages sustained by the plaintiffs by reason of their gas being cut off from their houses from May 15, 1899, to August 11 of the same year, amount to $10. The court, from the facts, construed the contract in suit as creating a tenancy from year to year, and held that the defendant had the right to terminate the tenancy and abandon the premises at the expiration of any year, without giving plaintiffs any notice of its intention so to terminate. Counsel for appellants assert that the only question presented by the record is whether the trial court properly construed §§7089, 7090 Burns 1901, the same being sections two and three of an act relating to landlord and tenant (Acts 1881, p. 563). Section two of this statute provides that "all general tenancies, in which the premises are occupied by the consent, either expressed or constructive, of the landlord, shall be deemed tenancies from year to year." Section three declares that "all tenancies from year to year may be determined by at least three months' notice given to the tenant prior to the expiration of the year." Appellants' learned counsel is manifestly in error in his claim that the construction of these sections, or either of them, is necessarily involved in this

case. What was presented to the trial court under the pleading and facts was an interpretation or construction of the written contract in suit, which, as appellants contended, had been violated by appellees in removing the gas-pipes from the premises in question, and in ceasing to supply them with natural gas for domestic use. It was this written instrument which the court was called upon and which it undertook to construe, and in construing it held that a general tenancy from year to year was created, which might be terminated by appellees, without notice, at the expiration of any year. So far as the jurisdiction of this court is concerned, it càn make no difference whether the trial court was right or wrong in the construction which it placed upon the contract in suit. Before we can entertain the appeal, it must appear that there is necessarily in question the proper·construction of a statute, and that such question is duly presented; and then only can the case be appealed to this court for the purpose of presenting such question.

It will be observed that the contract in controversy provides that it shall be deemed to have been terminated whenever natural gas shall cease to be used generally for manufacturing purposes. In the case of the *Diamond Plate Glass Co.* v. *Curless,* 22 Ind. App. 346, that court, in construing a contract virtually the same as· the one herein involved and embracing the same provisions in respect to the limit thereof, said: "It can not be construed to be a lease for years. * * * Nor could it be a tenancy from year to year, even if the relation of landlord and tenant existed between the parties." Section 7090, *supra,* in regard to the notice to be given by a landlord in order to terminate a tenancy from year to year, is in express and plain language made to apply only to the landlord. Whether the court, in its construction of the contract in question, was right or wrong in holding that appellants had the right to terminate it at the expiration of any

year without giving notice, certainly does not present a question in regard to the construction of that section. It must be remembered that neither the parties nor the trial court in a cause can, by an erroneous view or a misconception of the point or points involved therein, improperly attempt to bring the construction of a statute into question, and thereby render the case appealable to this court. If the mere claim of parties in an action to the effect that the construction of a statute was in question, and was duly presented, could control, then, under such circumstances, the statute denying an appeal in cases within the jurisdiction of a justice of the peace might be easily evaded. *Deane* v. *State,* 159 Ind. 313.

It follows that, as the amount in controversy in this case is within the jurisdiction of a justice of the peace, and the construction of a statute is not in question and duly presented, the appeal herein can not be entertained, and is therefore dismissed for want of jurisdiction.

Appeal dismissed.