## SEARS v. CARPENTER.

[No. 20,596.    Filed May 10, 1905.]

1.  APPEAL AND ERROR. — Amount of Judgment. — Dismissal. — An appeal to the Appellate Court will be dismissed where the judgment rendered was for $17.50 and the cause of action alleged was defendant's negligence in permitting the escape of fire from his premises, since the act of 1903 (Acts 1903, p. 280, §1) forbids the taking of such appeal.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by Elbridge Carpenter against Isaac Sears. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Dismissed.*

*M. L. Essick* and *O. F. Montgomery,* for appellant.
*Julius Rowley,* for appellee.

JORDAN, J.—Appellee instituted this action to recover damages of appellant for the latter's negligence in permitting a fire on his own premises to escape therefrom onto the lands of appellee, thereby destroying certain property. Upon the issues joined the cause was tried by jury, and a verdict was returned in favor of appellee for $17.50, and over appellant's motion for a new trial judgment was rendered on the verdict for the amount of damages assessed by the jury.

From this judgment appellant appealed to the Appellate Court, and the cause was transferred to the Supreme Court under the provisions of §1337u Burns 1901, Acts 1901, p. 590, commonly known as the disparity statute. Section six of the act approved March 1, 1901 (Acts 1901, p. 565,

§1337f Burns 1901), was amended by the legislature in 1903 (Acts 1903, p. 280, §1) to read as follows: "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of this act." The exceptions reserved by said section eight of the original act (§1337h Burns 1901) are: "Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution, and which case would be otherwise unappearable [unappealable] by virtue of section six or section seven, shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

As the amount herein in controversy does not exceed $50, exclusive of interest and costs, and the case not falling within any of the above enumerated exceptions of §1337h, *supra,* an appeal by appellant (defendant below) to either the Appellate Court or Supreme Court was positively forbidden by the provisions of §1337f, *supra,* as amended by the act of 1903, *supra.* As the appeal, under the circumstances, is forbidden by the statute as amended, we have no authority to entertain it. The appeal is therefore dismissed.