## HOOD v. BAKER.

[No. 20,720.   Filed November 28, 1905.]

1. STATUTES.—*Construction.*—*Appeal and Error.*—*Amount Involved.*—*Doubt.*—Under §1337f Burns 1905, Acts 1903, p. 280, §1, prohibiting appeals to the Supreme or Appellate Courts where the amount of the judgment, exclusive of interest and cost, does not exceed $50, and §1337h Burns 1901, Acts 1901, p. 565, §8, providing for an appeal to the Supreme Court in all cases involving the proper construction of a statute, the Supreme Court has power to entertain an appeal from a money judgment of $50 or less only where there is a real, reasonable and material controversy over the scope and meaning of an ambiguous or uncertain statute.   p. 564.

2. SAME. — *Construction.* — *Mortgages.* — *Liens.* — *Release.* — *Penalty for Refusal.*—The statute (§1105 Burns 1901, Acts 1901, p. 56) providing a penalty against the holder of a mortgage who wrongfully refuses to cancel the same after notice, is not ambiguous nor uncertain, and there is therefore no room for construction.   p. 565.

3. APPEAL AND ERROR.—*Jurisdiction.*—*Construction of a Statute.* —*Evasion.*—An appeal can not be taken from a judgment, otherwise unappealable, on the ground of the improper construction of a statute, when the real ground of such appeal is alleged error on some other question.   p. 565.

From Jay Circuit Court; *Henry C. Fox,* Judge.

Suit by David V. Baker against William H. Hood. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1337h Burns 1901, Acts 1901, p. 565, §8. *Appeal dismissed.*

*J. F. La Follette,* for appellant.
*David T. Taylor,* for appellee.

HADLEY, J.—September 9, 1896, appellee mortgaged his certain lot number twenty-three in the city of Portland to the State to secure a loan of $900 from the common school fund.   Baker suffered the taxes—city, county and state—assessed against the property after the date of the mortgage, to become delinquent.   He also defaulted in the pay-

ment of the interest and principal of the mortgage debt. Whereupon the auditor of Jay county gave notice, pursuant to statute, that he would, on March 24, 1902, sell said property to pay said mortgage debt, principal, interest and costs. Pending said notice, appellee entered into an agreement with the appellant, Hood, to the effect that Hood, at the approaching sale, was to bid on said property the sum of $1,171, being the amount of the principal, interest and costs of sale, and was to be indemnified by Baker against being compelled to pay any part of the taxes standing against the premises. In pursuance of this agreement Hood bid the property off at $1,171, and appellee thereupon, April 1, 1902, executed to him an indemnity mortgage on certain other real estate in Portland, stipulating therein as follows: "Now if said Hood shall be compelled to pay any taxes or other liens on said lot number twenty-three, that are now assessed and standing against the same, then this mortgage shall secure, cover and include the same. This mortgage is to secure and indemnify said Hood from loss in the event he is compelled to pay said taxes or other liens." At the time of the sale there was more than $100 of unpaid taxes, which had accrued against the property subsequently to the date of the mortgage. The auditor, pursuant to, and in accordance with, appellant's bid, conveyed the premises to appellant by deed on the day of the sale. On September 15 following appellee caused to be served upon appellant a written notice and request to release of record said indemnity mortgage within ten days, on the ground that the "debt and obligation to secure which said mortgage was made have been lawfully discharged and paid."

Appellee served this notice under the provision of §1105 Burns 1901, Acts 1901, p. 56, which reads as follows: "That any person, firm, society, association or corporation being the owner or holder of any mortgage recorded in the State of Indiana, or any administrator, executor, guardian, trustee or other persons whose duty it shall be to release any

mortgage so recorded, who shall refuse, neglect, or fail to release such mortgage of record within ten days after having been requested so to do, when the debt or obligation which mortgage was made to secure, shall have been paid, lawfully tendered, or discharged, and such person, firm, society, association, corporation, administrator, executor, guardian, trustee or other person shall have been requested, in writing to release the same, shall forfeit and pay to the mortgagor, or person having the right to demand the release of such mortgage, the sum of $25, which sum may be recovered by suit in any court of competent jurisdiction, together with reasonable attorney fees incurred in the collection of said penalty."

Appellant, acting upon the theory that the debt or obligation which the mortgage was made to secure had not been paid, lawfully tendered, or discharged, within the meaning of the statute, neglected and refused to enter such satisfaction. Whereupon appellee, on September 26, 1902, instituted this action under the statute, for a decree of satisfaction, and to recover the penalty for default in entering such satisfaction. There was a trial by the court, and a decree for the plaintiff for satisfaction, and also for $50, being $25 for the penalty and $25 for plaintiff's attorneys' fees.

Appellant insists that the case involves a construction of the foregoing statute, and that this appeal is therefore governed by §1337f Burns 1901, as amended in 1903

1. (Acts 1903, p. 280, §1, §1337f Burns 1905) and §1337h Burns 1901, Acts 1901, p. 565, §8, which read as follows: "Section 6. No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of this act." "Section 8. Every case in which there is in question, and such question is duly presented, either the validity of a franchise, * * * or the proper construction of a statute, * * * and which case would be

otherwise unappearable [unappealable] by virtue of section six, * * * shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

Under the last above statute this court has power to entertain appeals from civil judgments of $50 or less only when the record discloses a real, reasonable and material controversy between the litigants as to the scope and meaning of a statute. It is not sufficient to claim that the construction of a statute is involved; but there must appear upon the face of the statute in question such a degree of ambiguity and uncertainty as will furnish reasonable grounds for an honest difference of opinion as to its correct interpretation. *Terre Haute, etc., R. Co.* v. *Erdel* (1902), 158 Ind. 344; *Mendenhall* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 132.

With respect to §1105, *supra,* upon which this suit is based, there has been no attempt whatever to point out any ambiguity or uncertainty in its provisions. Prob-

2. ably because it is perfectly plain that there exists no ambiguity in them. If there is no doubt of their meaning, then there can be no construction, because nothing to construe, and this court is wholly without jurisdiction.

When questions of this sort come up, the first thing that should be determined is whether it is really the construction of a statute or the construction of a contract that is

3. invoked. As in this case, the real question is not what the statute means, but is the obligation secured by the mortgage paid or satisfied, within the meaning and intention of the parties to the indemnity contract.

The case being unappealable, the appeal is therefore dismissed.