# Washington Township of Washington County *v.* Ratts.

[No. 8,586.   Filed May 13, 1913.   Rehearing denied
October 14, 1913.]

1. HIGHWAYS. — *Injury to Highways.* — *Action for Penalties.* — *Nature of Action.*—An action to recover the penalty provided by §7783 Burns 1908, Acts 1905 p. 521, §113, for injury to a dam, drain or embankment made for the protection of any highway, is a civil action and governed by the rules of civil procedure, subject to the limitations prescribed by the statute.   p. 230.

2. APPEAL.—*Judgments Reviewable.*—*Amount in Controversy.*— Under §7783 Burns 1908, Acts 1905 p. 521, §113, the recovery for an injury to a dam or drain cannot exceed five dollars and an attorney fee for a like amount, so that the judgment of the circuit court in such an action commenced before a justice of the peace is governed by §671 Burns 1908, §632 R. S. 1881, and no appeal lies therefrom.   p. 230.

3. APPEAL.—*Judgments Reviewable.*—Unless the construction of a statute is necessarily involved and is properly presented, the court will not entertain an appeal from a judgment, where the amount in controversy is less than fifty dollars, under §§1389, 1391 Burns 1908, Acts 1903 p. 280, Acts 1901 p. 565, §8, authorizing appeals where the amount involved is less than fifty dollars if the construction of a statute is properly presented, nor will the appeal lie in such case for error of the trial court in applying the law to the facts, where the statute involved is too plain for construction or has already been construed.   pp. 231, 232.

4. STATUTES.—*Construction.*—*Effect.*—A statute once construed as to points involved in such construction, is the same as a statute requiring no construction.   p. 232.

5. APPEAL.—*Right of Appeal.*—*Dismissal.*—The right of appeal does not exist except as it is given by statute, and where the case does not come within any provision of the statute which gives such right, the appeal must be dismissed.   p. 232.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Washington Township of Washington County against Thomas Ratts. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*Elliott & Houston,* for appellant.

*W. W. Hottel,* for appellee.

FELT, P. J.—This cause was transferred to this court by the Supreme Court for want of jurisdiction in that court. The suit was brought originally by appellant before a justice of the peace of Washington Township, Washington County, Indiana, to recover from appellee the penalty provided by §7783 Burns 1908, Acts 1905 p. 521, §113, for an alleged injury to a certain dam, drain and embankment. From a judgment for appellee before the justice of the peace an appeal was taken to the Washington Circuit Court. A trial by jury resulted in a verdict for appellee. Appellant's motion for a new trial was overruled. Judgment rendered for appellee for costs and this appeal taken.

Appellee has moved to dismiss the appeal on the ground that the case originated before a justice of the peace and the amount involved is less than $50; that no appeal lies from the judgment of the circuit court in such cases.

Under the statute the recovery for an injury to a dam or drain could not exceed $5 and an attorney fee for a like amount. The suit to collect the penalty provided in §7783, *supra,* is a civil action and governed by the rules of civil procedure subject of course to the limitations prescribed by the statute. *Ridge* v. *City of Crawfordsville* (1891), 4 Ind. App. 513, 31 N. E. 207; *City of Hammond* v. *New York, etc., R. Co.* (1892), 5 Ind. App. 526, 534, 31 N. E. 817; *Western Union Tel. Co.* v. *Pendleton* (1883), 95 Ind. 12, 48 Am. Rep. 692; *City of Greensburgh* v. *Corwin* (1877), 58 Ind. 518. The only exception to the limitations of §671 Burns 1908, §632 R. S. 1881, is in cases involving the validity of an ordinance and there is no claim that this case falls within that exception. If the case is governed by §671, *supra,* it is clear that no appeal lies from the judgment of the circuit court. *Brown* v. *Graham* (1901), 28 Ind. App. 59, 60 N. E. 953; *Colliery Engineer*

*Co.* v. *American Car, etc., Co.* (1901), 157 Ind. 111, 60 N.
E. 941.

Neither do we think an appeal in this case lies from the
decision of the circuit court under §1389 Burns 1908, Acts
1903 p. 280, and the exceptions thereto. The con-
3.. struction of a statute is not involved and duly pre-
sented for decision under §1391 Burns 1908, Acts
1901 p. 565, §8, which covers the exceptions to §1389, *supra.*
The appeal here is prosecuted to obtain a reversal of the
judgment and a new trial and no reference is made in the
briefs to §§1389, 1391, *supra,* to obtain a construction of
§7783, *supra,* nor is it claimed that the appeal is "for the
purpose of presenting such question only." The question
of the right to obtain the construction of a statute under the
exception aforesaid, was considered by the Supreme Court
in *Mendenhall* v. *Diamond Plate Glass Co.* (1904), 162 Ind.
132, 68 N. E. 595. In that case it was claimed the appeal
involved the construction of certain statutes relating to land-
lord and tenant on the subject of notice. The court on page
134-135 said: "Appellants' learned counsel is manifestly
in error in his claim that the construction of these sections,
or either of them, is necessarily involved in this case.
* * * So far as the jurisdiction of this court is con-
cerned, it can make no difference whether the trial court
was right or wrong in the construction which it placed upon
the contract in suit. Before we can entertain the appeal, it
must appear that there is necessarily in question the proper
construction of a statute, and that such question is duly
presented; and then only can the case be appealed to this
court for the purpose of presenting such question." In
*Dean* v. *State* (1902), 159 Ind. 313, 64 N. E. 916, it was held
that a motion to quash an indictment for unlawfully per-
mitting persons to be in a saloon in violation of the statute
did not duly present the question of the construction of
the statute. The opinion holds that the statute is plain, un-
ambiguous and does not require construction. A statute once

construed, as to points involved in such construction, 4. is the same as a statute requiring no construction. *Pittsburgh, etc., R. Co.* v. *Rogers*. (1906), 168 Ind. 483, 81 N. E. 212; *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562, 568, 577, 88 N. E. 939. Under these decisions, a statute, even though requiring construc- 3. tion, could not again be presented for interpretation under §1391, *supra*, if it had already been construed on the very point which the appeal attempts to present. In other words, the exception to the limitation of appeals in cases involving $50 or less cannot be invoked to compel the court to correct errors occurring at the trial though the questions presented may relate to the application or interpretation of a statute, if the statute is too plain to require construction or has already been construed by former decisions on the questions involved. *Hood* v. *Baker* (1905), 165 Ind. 562, 76 N. E. 243.

Appellant discusses the questions of the assessment of damages and notice, and as to these questions §7783, *supra,* has been fully and clearly construed. *Cauble* v. *Hultz* (1888), 118 Ind. 13, 20 N. E. 515. So upon the theory either that the appeal is not prosecuted to have the statute construed and "for the purpose of presenting such ques- 5. tion only" or that the statute has been construed on the points claimed to be involved, we conclude that the motion to dismiss is well taken and must be sustained. Further construction could do no more than repeat what has already been clearly announced by the Supreme Court. Appellant's brief is not on the theory that the statute needs construction or has been erroneously construed, but seeks to show that the court disregarded the construction previously placed upon it. In its brief it states: "In other words the court disregarded all the decisions of this court construing this statute and placed a construction on it of his own, which is without any warrant of authority or precedent." Under §1391, *supra,* no appeal lies for error of the

court in applying the law to the facts of the case. The right of appeal does not exist except as it is given by statute. Appellant has not brought its case within any provision of the statute which gives it the right of appeal. *Evansville, etc., R. Co.* v. *City of Terre Haute* (1903), 161 Ind. 26, 35, 67 N. E. 686; *Shaul* v. *Citizens State Bank* (1901), 157 Ind. 281, 61 N. E. 559; *Sears* v. *Carpenter* (1905), 164 Ind. 584, 74 N. E. 244.

The motion to dismiss the appeal is sustained.

Appeal dismissed.

Ibach, C. J., Lairy, Adams and Shea, JJ., concur.

Hottel, J., not participating.

Note.—Reported in 101 N. E. 842. See, also, under (1) 37 Cyc. 259; (4) 36 Cyc. 1143.