# HOOVEN, RECEIVER, *v.* MEYER.

### [No. 10,430.   Filed October 27, 1920.]

1. RAILROADS. — *Crossing Accidents.* — *Damage to Property.* — *Complaint.*—*Sufficiency.*—*Contributory Negligence.*—In an action against an interurban railroad company for damages to plaintiff's traction engine, which was struck by defendant's interurban car when it became stalled on a highway crossing, complaint *held* not demurrable as showing plaintiff's contributory negligence in failing to give warning to the motorman of the situation of the engine.  p. 10.

2. SET-OFF AND COUNTERCLAIM.—*Torts.*—*Counterclaim.*—In an action against an interurban railroad company to recover for damages to plaintiff's traction engine when it was struck by defendant's interurban car on a highway crossing, defendant could not counterclaim for damage to its car in the same collision resulting from plaintiff's alleged negligence.  p. 11.

3. APPEAL.— *Review.*— *Verdict.*— *Answers to Interrogatories.*— *Contributory Negligence.*—*Last Clear Chance.*—In an action to recover damages to plaintiff's traction engine which was struck on a highway crossing by defendant's interurban car when it became stalled on a highway crossing, *held* that defendant's motion for judgment on the jury's answers to the interrogatories notwithstanding the general verdict for plaintiff was properly overruled, even though the answers show that plaintiff was negligent in not giving notice to those operating the car that the engine was stalled, where other facts were found permitting a recovery on the theory of last clear chance.  p. 11.

From Dearborn Circuit Court; *Hugh Wickens,* Special Judge.

Action by George Meyer against C. Earl Hooven, receiver of the Cincinnati, Lawrenceburg and Aurora Electric Street Railroad Company.   From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Martin J. Givan, Stanley Shaffer* and *Clinton H. Givan,* for appellant.

*T. S. Cravens* and *E. G. Bielby,* for appellee.

McMAHAN, C. J.—Action to recover damages on account of the alleged negligence of appellant in running

one of its cars against a traction engine owned by appellee.· The complaint is in two paragraphs in each of which it is alleged that appellee was the owner of a farm, that appellant's track was laid in a public highway which crossed said farm, the duty of appellant under its franchise to maintain and keep in repair a crossing so that appellee could pass from the land on one side of appellant's road to the other, that it negligently failed to do so, and that appellee was moving his traction engine from one side of the railroad to the other over said private crossing and, while so doing, his engine became stalled on appellant's track, and without any negligence of appellee, but wholly through the negligence of appellant, was struck by one of appellant's cars and damaged.

It is appellant's contention that the court erred in overruling a demurrer to each paragraph of complaint for the reason that the facts alleged show that 1. appellee was negligent, and that such negligence was the proximate cause of the injury, in that, when he found that his traction engine was stalled on the track, he became charged with knowledge of danger, and that it was his duty to give notice of such danger to appellant's servants operating the approaching car.

It is alleged in each paragraph of complaint that the engine was stalled on the track for five minutes, and that appellee and his servants were during all of such time at work attempting to get such engine across the track. The second paragraph alleges that the engine was in plain view of and remained in plain view of the motorman operating the car which struck it for a distance of 900 feet before the car collided with the engine.

There is no allegation in either paragraph of complaint disclosing whether it was light or dark when the accident took place, whether the track was straight or curved. In fact there is no allegation from which we

can say as a matter of law that it was negligence on the part of appellee in not giving notice to appellant of the fact that the engine was stalled on the track, or that such failure was the proximate cause of the collision. In fact the complaint does not allege that such notice was not given. If the track was straight and level, and the day bright, the fact that the engine remained stationary on the track for a space of five minutes was sufficient to have called the attention of the motorman to the fact that there was danger ahead. It may be argued that we have no right to assume that the track was straight and level or the day bright, but, on the other hand, there is nothing in the complaint showing otherwise or to overcome the direct allegation that the appellee was without fault. There was no error in overruling the demurrer to either paragraph of complaint.

Appellant filed a cross-complaint, in which it is alleged that the car which ran into appellee's traction engine was damaged on account of the negligence 2. of appellee. On motion of appellee, the court struck the cross-complaint from the files. There was no error in this action of the court. *Lake Shore, etc., R. Co.* v. *Van Auken* (1891), 1 Ind. App. 492, 27 N. E. 119; *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, 80 N. E. 981.

Appellant also contends that the court erred in overruling his motion for judgment on the jury's answers to the interrogatories. These answers disclose 3. that appellee with two other men were moving the traction engine drawing a hay bailer from one part of his farm to another and, while attempting to cross appellant's track, the engine became stalled on the track, and was struck by one of appellant's cars; that the traction engine weighed ten tons and had been on the railroad track from five to ten minutes before the

collision.   The car which struck the engine was running on its regular schedule time, leaving Lawrenceburg, four miles from the place of collision, at 6:12, and the collision took place at 6:22 p.m.   A car on appellant's track can be seen one and a half miles when approaching the place of the accident and can be heard 200 yards.   Appellant's track was laid in a public highway and had been in operation eight years or longer.   The headlight on appellant's car threw a bright light in front of the car, which could have been seen when the car was 300 yards from the place of the accident.   No light was placed on the traction engine to give warning that the track was blocked by reason of such engine.   Appellee was not on lookout for the approach of appellant's car. There was nothing to prevent appellee from having seen the approaching car when 300 yards from the place of the accident.   Appellee could not have seen the light of the approaching car when a half mile away.   He could have heard the noise of the car and first knew of its approach when it was 200 yards away, at which time he blew the whistle on his engine to notify the motorman that the track was blocked.   After discovering the car approaching, appellee did not have time to run toward the approaching car and signal it to stop.   The car at the time was running twenty-five miles an hour and the light from the headlight thereon was thrown full on the traction engine when the car was 200 feet from the engine.   Appellant's track from the Rees barn to the place of accident is laid upon a curve.   A car running twenty-five miles an hour over said track at that place can be stopped within 150 feet and the evidence does not disclose how far the car was from the engine when the motorman first knew that the track was blocked by the engine.

While these answers do not show how far the car was

from the traction engine when the motorman first saw the engine, there was nothing to show that he was the only servant in charge of the car or how long he saw it before the accident. While it appears that appellant's track from the "Rees barn to the place of accident" was laid on a curve, there is no showing that the car came from that direction. The jury find that there was a bright headlight on the front end of the car, and that it was fully thrown upon the engine when 200 feet away, and that the car could have been brought to a full stop within 150 feet.

The jury by its general verdict found that the appellant was negligent, and that the collision was the result of such negligence. Appellant makes no claim that the jury was not fully justified in finding it negligent, but insists that the facts found conclusively show that the appellee was also guilty of negligence which was the proximate cause of the accident.

The mere fact that the appellee was guilty of negligence does not prevent a recovery. In order to prevent a recovery, such negligence must proximately and directly contribute to the injury. It may be admitted that the facts disclosed show that appellee was negligent in not giving notice or warning that the engine was stalled on the track. Such negligence was, however, at a time when the car was more than 200 feet from the crossing and at a time before appellee knew that the car was approaching. The jury in answer to an interrogatory found that, after appellee discovered the approach of the car, he did not have time to run down the track toward the approaching car and signal it to stop.

By the general verdict the jury found that appellant had the last clear chance to prevent the accident, and that it failed to avail itself of that opportunity. The special facts found are not such as will prevent a recov-

ery on the theory of last clear chance. There was therefore no error in overruling the motion for judgment *non obstante*.

Judgment affirmed.