## LUTEN *v.* ILLSLEY.

### [No. 12,894.   Filed December 15, 1927.]

APPEAL.—*Appeal not allowed when amount in controversy does not exceed $50.*—Under the provisions of §1353 Burns 1926, an appeal cannot be taken where the amount in controversy, exclusive of interest and costs, does not exceed $50, except when a constitutional or other similar question is involved, and an appeal taken in a case where a less amount is involved must be dismissed for want of jurisdiction.

From Marion Superior Court (A 37,853) ; *Theophilus J. Moll,* Judge.

Action by Daniel B. Luten against Thomas J. Illsley, in which the defendant filed a "cross-complaint." From a judgment for the defendant on the complaint and on his "cross-complaint," the plaintiff appeals. *Appeal dismissed.* By the court in banc.

*Murat W. Hopkins* and *Russell T. Mac Fall,* for appellant.

*Fae W. Patrick,* for appellee.

McMAHAN, J.—Appellant filed his complaint against appellee for damages to an automobile owned by appellant, resulting from a collision with an automobile owned and operated by appellee. The collision occurred at the intersection of two public highways. Appellee filed a "cross-complaint," in which he alleged that the collision and the resulting damages to his automobile were caused by the negligence of appellee. No question was raised below nor in this court as to the right of appellee to file his cross-complaint. As bearing on

that question, see *Hooven, Rec., v. Meyer* (1920), 74 Ind. App. 9, 128 N. E. 614.

The issues joined on the complaint and on the cross-complaint were tried by jury, and resulted in a verdict for appellee on the complaint, and also on the cross-complaint for $25 damages. Appellants filed a motion for a new trial, the specifications named being excessive damages, verdict not sustained by sufficient evidence, and verdict contrary to law. The only questions which appellant undertakes to present on appeal relate to the first and second reasons assigned for a new trial, and the questions so attempted to be presented relate solely to the verdict in favor of appellee on his cross-complaint awarding him damages because of injury to his automobile. Appellant concedes the evidence is sufficient to sustain the verdict in favor of appellee on the complaint. He contends, however, that the evidence shows, as a matter of law, that appellee's negligence was a proximate cause of the collision.

Appellee contends that since the amount involved in this appeal is less than $50, this court has no jurisdiction, and that the appeal must be dismissed for want of jurisdiction. Section 1353 Burns 1926, Acts 1903 p. 280, provides that: "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in (the) controversy, exclusive of interest and costs, does not exceed $50.00, except as provided in section 8 of this act."

The amount in controversy, being less than $50, and there being nothing to bring the appeal within the exceptions mentioned in §1353 Burns 1926, *supra,* so as to authorize an appeal because of the provisions of §8 of the act, an appeal does not lie from the judgment of the trial court. The appeal is dismissed for want of jurisdiction.

Dausman, J., absent.