CATHERWOOD *v.* McINTYRE.
[No. 15,236. Filed September 27, 1934.]

*Otto Gresham,* for appellant.
*Wilbur F. Morgan,* for appellee.

BRIDWELL, C. J.—This appeal is from a judgment of $31.00 rendered in favor of appellee and against appellant in an action brought by appellee to recover for services performed for the appellant in weighing corn for him at an alleged agreed price of two dollars per day.

This is a civil action, brought for the enforcement of private rights, and our statutory law governing appeals provides, among other things, as follows: "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed fifty dollars ($50.00) except as provided in section eight of this act." Sec. 4-211, Burns Ind. Stat. Ann. 1933. The exceptions reserved by said section eight of the act (Sec. 4-213, Burns Ind. Stat. Ann. 1933) are as follows: "Every case in which there is in question, and such question is duly presented, either the

validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal constitution, and which case would be otherwise unappealable by virtue of section six, or section seven shall be appealable directly to the Supreme Court, for the purpose of presenting such question only."

It is settled in this state that there is no vested right of appeal, and that such right is the subject of legislative discretion to be given or withheld as the legislature sees fit. *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104 N. E. 971. As the amount herein in controversy, exclusive of interest and costs, does not exceed $50.00, and the case not being within any of the exceptions enumerated in section 4-213, Burns, *supra,* an appeal by appellant (defendant below) from the judgment of $31.00 rendered against him by the lower court is forbidden by section 4-211, Burns, *supra,* and this court has no authority to entertain this appeal. See *Siebert* v. *City of Evansville* (1924), 195 Ind. 189, 144 N. E. 841; *Pittsburgh, etc., R. Co.* v. *Sneath Glass Co.* (1914), 183 Ind. 138, 107 N. E. 72; *Sears* v. *Carpenter* (1905), 164 Ind. 584, 74 N. E. 244; *Luten* v. *Illsley* (1927), 86 Ind. App. 619, 158 N. E. 925; *Jerzakowski* v. *City of South Bend* (1924), 82 Ind. App. 132, 145 N. E. 520.

Appellee filed a motion to dismiss this appeal for various reasons, but the question of jurisdiction is not raised in the motion. This court, however, must take notice of its lack of jurisdiction, whether the question is raised or not. *Essington* v. *Bowman* (1919), 69 Ind. App. 184, 121 N. E. 548; *Schultz* v. *Alter* (1915), 60 Ind. App. 245, 110 N. E. 230. It appearing from the record that we lack jurisdiction because of the amount in controversy, the appeal is dismissed.