Filed Feb. 16, 1888.

| 113 | 327 |
| 126 | 592 |

| 113 | 327 |
| 163 | 299 |

---

No. 13,522.

## HALL ET AL. *v.* DURHAM.

SUPREME COURT.—*Diminution of Record.*—*Dismissal of Appeal.*—*Certiorari.* —The remedy for a diminution of the record is by application for a writ of *certiorari,* and not by a motion to dismiss the appeal.

APPEAL.—*To Supreme Court.*—*Actions Originating Before Justice or Mayor.*— *Replevin.*—*Statute Construed.*—The exception in section 632, R. S. 1881, forbidding appeals to the Supreme Court in actions originating before a

justice of the peace or mayor of a city, where the amount in controversy does not exceed fifty dollars, does not apply to actions of replevin.

From the Montgomery Circuit Court.

*M. E. Clodfelter, T. E. Ballard* and *J. A. Lindley,* for appellants.

*J. R. Courtney,* for appellee.

Howk, J.—In this case, appellee, Durham, plaintiff below, has moved this court in writing to dismiss the appeal herein for the following reasons, namely:

" 1st. The record of the proceedings in the court below, filed in this court, is incomplete, in that this was a suit, as shown by the record, which originated before a justice of the peace, and was appealed from the justice to the Montgomery Circuit Court; and the record contains nothing but a copy of the original complaint and bond in replevin, the special finding of facts by the court and its conclusions of law thereon, the exceptions thereto, and the judgment of the court below; and there is in such record no copy or transcript of the proceedings before said justice of the peace; and this is all the record which appellants ordered the clerk to make for the purpose of appealing this cause.

" 2d. This was an action in replevin, originating before a justice of the peace, who rendered a judgment against the plaintiff, Durham, from which he appealed to the Montgomery Circuit Court. In that court plaintiff recovered a judgment for sixty-three bushels of wheat, which were found to be of the value of $45; and, therefore, plaintiff says that the amount in controversy is not equal to and does not exceed fifty dollars, and asks that this appeal be dismissed."

It is certain, we think, that the first reason assigned by plaintiff affords no sufficient ground for sustaining his motion and dismissing this appeal. By their assignment of errors on the record of this cause, defendants have presented for our decision two questions, namely: 1. The sufficiency of

the facts stated in plaintiff's complaint herein to constitute a cause of action, when challenged after trial, finding and judgment below for the first time in this court ; and, 2. The correctness of the trial court's conclusions of law upon its special finding of facts.

It is manifest from plaintiff's own statement of what the record contains in his first written reason for the dismissal of this appeal, that it contains all that is necessary to enable this court to determine the two questions which defendants ask to have decided on this appeal. We fail to see how the " transcript of the proceedings before the justice " could possibly aid this court in the proper decision of either of the two questions presented here by defendants' assignment of errors.

But aside from this, the alleged diminution of the record, assigned by plaintiff as his first reason for asking the dismissal of this appeal, affords no ground whatever for such dismissal. Upon a proper showing of such diminution, verified by his affidavit, and due notice to defendants of his application, plaintiff can obtain from this court a writ of *certiorari,* if he wants it, and thus have "the transcript of the proceedings before the justice" made part of the record on this appeal. This is all the relief plaintiff is entitled to, and all he can get for the alleged diminution of the record.

The second reason assigned by plaintiff in moving for the dismissal of this appeal presents a more difficult question. This reason is manifestly founded upon the provisions of section 632, R. S. 1881. So far as applicable to the question presented for decision, this section provides as follows :  "Appeals may be taken from the circuit courts and superior courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars."

The second reason assigned by plaintiff for the dismissal of the appeal herein presents for decision this question, namely: Does the exception in what we have quoted from section 632, *supra*, fairly construed, prohibit an appeal to the Supreme Court in actions of replevin, originating before a justice of the peace or mayor of a city? We are of opinion that this question must be answered in the negative, because, in actions of replevin, the controversy is not in regard to amounts or values, but relates merely to the rights of the parties, plaintiffs or defendants, to the possession of the goods, chattels or articles of personal property, at the times of the commencement of such actions. In *Entsminger* v. *Jackson*, 73 Ind. 144, the court said: "An action for the recovery of personal property is undoubtedly a possessory action, wherein a mere possessory right may, and often will, prevail against an absolute legal title, where the absolute title to personal property, and the right to the possession thereof, become separated and are held by different parties." Generally speaking, in an action of replevin, the right to the possession of the property, at the time suit is brought, is the only matter in controversy, and the only question that can be tried and determined therein. *Kramer* v. *Matthews*, 68 Ind. 172, 176; *Pacey* v. *Powell*, 97 Ind. 371; *McFadden* v. *Ross*, 108 Ind. 512.

It is manifest, we think, from the words used in the exception in that part above quoted of section 632, *supra*, that such exception applies solely to actions originating before a justice of the peace or mayor of a city, where the primary object of the suit is the recovery of an "amount" of money for some alleged cause of action. But where, as here, the primary object of the action is to recover the possession of personal property, the exception in the statute can have no application. We are of opinion, therefore, that in actions of replevin, originating before a justice of the peace or mayor of a city, appeals may be taken from final judgments therein

in circuit courts or superior courts to the Supreme Court, without regard to such exception in the statute.

Appellee's motion to dismiss the appeal herein is over-ruled, at his costs.

