Filed March 10, 1891.

No. 15,131.

## BAKER, GUARDIAN, *v.* GROVES.

APPELLATE COURT.—*Jurisdiction.*—*Action Against Guardian.*—In an action against a guardian for services rendered the ward, an appeal from a judgment for less than one thousand dollars, payable out of the assets of the estate of the ward, is within the jurisdiction of the Appellate Court.

From the Fayette Circuit Court.

*R. Conner* and *H. L. Frost,* for appellant.

*J. I. Little* and *D. W. McKee,* for appellee.

MILLER, J.—This action was brought by the appellee against the appellant, as guardian, to recover for services rendered the ward.

The cause was tried by a jury, and resulted in a verdict for the plaintiff for the sum of $130. A motion for a new

Baker, Guardian, *v.* Groves.

trial, assigning, as one of the causes, the excessive amount of the verdict, having been overruled, judgment was rendered upon the verdict, in which it was adjudged that the plaintiff recover of the assets of the estate of David Baker, in the hands of said guardian, or his successors in trust, the sum of $130, and costs.

The question of jurisdiction meets us at the threshold. The amount of the recovery being less than one thousand dollars, and the appeal being prosecuted by the defendant, is within the exclusive jurisdiction of the Appellate Court, unless the judgment of the court directing the payment of the amount recovered out of the assets of the estate of the ward, gives jurisdiction to this court.

Section one of the act creating the Appellate Court gives it jurisdiction of " all cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars." It is evident that the purpose of this action was for the recovery of money only, and that the order and direction of the court that the same should be payable out of the assets of the estate of the ward, was a mere incident. The court was not called upon to render a decree for the sale of either real or personal property, in addition to the judgment for money ; or to make the amount recovered a specific lien against either property or a fund ; and it may be mentioned that in this appeal no objection is taken to the form of the judgment.

We have concluded that this, and other similar cases, are within the exclusive jurisdiction of the appellate court.

Under the statutes of this State, in force prior to March 6, 1873, exclusive jurisdiction was conferred upon the circuit courts, where the title to real estate was in issue ; nevertheless, it was held that the common pleas courts, having jurisdiction of actions for the partition of lands had, where the title to real estate arose incidentally in a partition suit, jurisdiction to adjudicate and settle conflicting claims thereto. *Wolcott* v. *Wigton*, 7 Ind. 44; *Fleming* v. *Potter*, 14 Ind.

486.   Also, when it arose in proceedings supplementary to execution (*Carpenter* v. *Vanscoten,* 20 Ind. 50), in actions to foreclose mechanics' liens (*Bourgette* v. *Hubinger,* 30 Ind. 296), and in proceedings for the sale of the lands of decedents to pay debts.   *Gavin* v. *Graydon,* 41 Ind. 559.

It has been suggested that applications for allowances of this kind are within the equity powers of the court, and that on that account this court has jurisdiction of the appeal.   To this it may be answered that there is nothing in the act withholding jurisdiction of appeals in equity cases from the Appellate Court where the suit is for the recovery of money *only.*   Many suits that under the former practice were of exclusive equitable jurisdiction are for the recovery of money only; such, for instance, as an action on a promise by one to another for the payment of money to a third person.

The clerk of this court is, therefore, ordered and directed to transfer this cause to the Appellate Court for final determination.

Filed March 17, 1891.