CITY OF GREENSBURG *v.* CLEVELAND, CINCINNATI,

CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 3,098. Filed October 27, 1899.]

ACTION.—*Violation of City Ordinance.*—An action to recover a penalty for the violation of a city ordinance is a civil action and the rules of practice in civil suits apply. *pp. 141, 142.*

APPEAL AND ERROR.—*Appellate Court.*—*Jurisdiction.*—An appeal cannot be taken to the Appellate Court in an action originating before the mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed $50. *p. 142.*

From the Decatur Circuit Court. *Appeal dismissed.*

*H. C. Skillman,* for appellant.
*John T. Dye* and *Cortez Ewing,* for appellee.

ROBINSON, J.—Appellant sued appellee before the mayor of a city, and in that court recovered a judgment of $10 in the nature of a penalty for violation of a city ordinance regulating the speed of trains. Appellee appealed to the circuit court, and a trial resulted in a judgment in appellant's favor for $1. Upon motion of appellee, costs were taxed against appellant, and this action of the court is the only error assigned.

Appellee has filed a motion to dismiss the appeal because the action originated before the mayor of a city and the amount in controversy was less than $50, exclusive of interest and costs. It appears from the record that the validity of an ordinance is not involved.

City of Greensburg v. Cleveland, etc., R. Co.

The action brought by appellant is a civil action, and the rules of practice in civil suits apply. *City of Hammond* v. *New York, etc., R. Co.*, 5 Ind. App. 526, and cases cited.

The act creating the Appellate Court does not assume to define appellate jurisdiction generally, but simply the jurisdiction of that court. If appellate jurisdiction is invoked, it is in the Supreme Court, unless the case falls within one of the classes jurisdiction over which is placed in the Appellate Court by the act creating it. That is to say, an appeal can be taken to the Appellate Court in no case that could not have been appealed to the Supreme Court prior to the act creating the Appellate Court. That act did not enlarge or extend appellate jurisdiction. §1336, *et seq.*, Burns 1894.

Prior to the creation of the Appellate Court an appeal could not have been taken to the Supreme Court in an action originating before the mayor of a city where the amount in controversy, exclusive of interest and costs, did not exceed $50. §644 Burns 1894. As the statute creating this court did not enlarge general appellate jurisdiction, it follows that an appeal to this court in a case like this will not lie. See *Ex Parte Sweeney*, 126 Ind. 583; *Clinton Tp.* v. *DeHaven*, 22 Ind. App. 280; *Ridge* v. *City of Crawfordsville*, 4 Ind. App. 513.

Appeal dismissed.

### DISSENTING OPINION.

BLACK, J.—The Supreme Court has jurisdictions in appeals under such regulations and restrictions as may be prescribed by law. Constitution of Indiana, article 7, §4. By the statute, §644 Burns 1894, §632 Horner 1897, it is provided: "Appeals may be taken from the circuit courts and superior courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars. *Provided, however,* That this exception

shall not apply to prohibit an appeal in cases originating before a justice of the peace or mayor of a city, involving the validity of an ordinance passed by an incorporated town or city." This statute, it is hardly necessary to say, relates to the jurisdiction of the Supreme Court alone. It was enacted long before the creation of the Appellate Court. At different times the statutes have prescribed various sums as the amount which must be in controversy in actions originating before justices or mayors to authorize an appeal to the Supreme Court.

The act creating the Appellate Court and the acts amendatory thereof and supplementary thereto have conferred upon this court the jurisdiction which it possesses. We are to look to those statutes for our authority, and not to the statute above quoted regulating and restricting the jurisdiction of the Supreme Court.

The Appellate Court, by the amendatory statute of 1893, is given "exclusive jurisdiction, subject to the exceptions hereinafter designated, of appeals from the circuit, superior, and criminal courts, in the following classes of cases: * * * Second. All appeals from judgments rendered in cases which originated before a justice of the peace, and in which the amount in controversy, exclusive of interest and costs, exceeds fifty dollars. Third. All action seeking the recovery of a money judgment only, where the amount in controversy, exclusive of costs, does not exceed thirty-five hundred dollars. * * * The Appellate Court shall not have jurisdiction of any case where the constitutionality of a statute, federal or state, or the validity of an ordinance of a municipal corporation is in question and such question is duly presented." §1336 Burns 1894, §6562a Horner 1897.

In the original act creating the Appellate Court, of which the above mentioned statute of 1893 was amendatory, the court was given jurisdiction of all appeals from the circuit, superior and criminal courts, in cases originating before a

justice of the peace "where the amount in controversy exceeds fifty dollars ($50) exclusive of costs," not including the words "interest and," which are included in the amendatory act of 1893 and in the above quoted §632 relating to the Supreme Court. While the Appellate Court now has exclusive jurisdiction of such appeals in cases originating before a justice of the peace as were immediately before its creation within the jurisdiction of the Supreme Court, yet, under the above mentioned act of 1891, the Appellate Court might take jurisdiction in a case so originating if the amount in controversy including interest, but excluding costs, exceeded $50, while under the amendatory statute of 1893 the amount in controversy must exceed $50 exclusive of both interest and costs, as was true of the Supreme Court under the above quoted provisions of §632.

Not only did the act creating this court give it jurisdiction of a class of cases originating before a justice of which the Supreme Court did not then have jurisdiction, but that act, like the amendment of 1893, did not except from the jurisdiction of this court, as was excepted from the jurisdiction of the Supreme Court, actions originating before a mayor because of the smallness of the amount in controversy. Such actions, like those originating before a board of county commissioners, were included in "all actions seeking the recovery of a money judgment only, where the amount in controversy exclusive of costs does not exceed thirty-five hundred dollars," unless the constitutionality of a statute or the validity of a municipal ordinance be properly brought in question.

*Shea* v. *City of Muncie*, 148 Ind. 14, was an action commenced before the mayor of the city of Muncie to recover a penalty for the violation of an ordinance of the city. On appeal, the circuit court rendered judgment against the defendant for $1. On appeal by the defendant to the Supreme Court, that court retained jurisdiction, the validity of the ordinance being in question, and affirmed the judgment of the circuit court. See, also, *City of Indianapolis* v.

*Consumers, etc., Co.*, 140 Ind. 107, 27 L. R. A. 514; *City of South Bend* v. *Martin*, 142 Ind. 31, 29 L. R. A. 531.

*City of Hammond* v. *New York, etc., R. Co.*, 5 Ind. App. 526, was an action commenced before the mayor of a city to recover the penalty for running a train at a greater rate of speed than six miles per hour in violation of a city ordinance, which prescribed a penalty in any sum not exceeding $100. There was a judgment before the mayor against the defendant for the $100. On appeal there was judgment in the Porter Circuit Court for the defendant. The cause was appealed by the city to the Supreme Court, and that court transferred it to this for the expressed reason that "actions for the recovery of money, with all their inseparable incidents, are within the jurisdiction of the Appellate Court except where the validity of a statute is involved." *City of Hammond* v. *New York, etc., R. Co.*, 126 Ind. 597. In this court the judgment of the circuit court was reversed, and a part of the mandate was that the court below render judgment for the city for such amount as the court might deem proper upon the evidence, not exceeding $100. *City of Hammond* v. *New York, etc., R. Co.*, 5 Ind. App. 526, 538. The Supreme Court in transferring the cause, for the reason that it was an action for the recovery of money, cited *Parker* v. *Indianapolis National Bank*, 126 Ind. 595, and *Baker* v. *Groves*, 126 Ind. 593, in both of which the action of the Supreme Court in transferring to the Appellate Court was referred to the clause of the statute relating to this court which gave it jurisdiction of "all cases for the recovery of money only," etc.

In *Board, etc.*, v. *Binford*, 70 Ind. 208, the cause originated before a board of county commissioners, the amount in controversy being $24. The court refused to dismiss the appeal, basing its right to retain jurisdiction upon the statutory provision of March 14th, 1877: "Appeals may be taken from the circuit courts and superior courts, * * *

by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars." The court said: "This case did not originate before a justice of the peace or the mayor of a city; hence, by the unequivocal terms of the statute, an appeal lies to this court, though the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars."

*Berkey* v. *City of Elkhart*, 141 Ind. 408, was a cause which originated in a city court. The judgment of the circuit court was in favor of the plaintiff for $10. On appeal by the defendant to the Supreme Court, the cause was transferred to this court.

In *Town of North Manchester* v. *Oustal*, 132 Ind. 8, the appellant was the plaintiff and sought to recover $20 for violation of its ordinance, the action being one commenced before a justice of the peace. The Supreme Court dismissed the appeal.

*Lake Erie, etc., R. Co.* v. *City of Noblesville*, 15 Ind. App. 697, was an action to recover a penalty for violation of a city ordinance forbidding the running of trains within the corporate limits at a rate of speed exceeding six miles an hour. It appears from the record of the cause that the action was commenced before the mayor of the city, and from the judgment rendered in this court against the defendant for the sum of $5 and costs the defendant appealed to the circuit court of Hamilton county whence the venue was changed to the Clinton Circuit Court, by which judgment was rendered against the defendant for $5 and costs. From this judgment the defendant appealed to the Supreme Court, and at its May term, 1896, that court transferred the cause to this court, where it was decided upon its merits, the judgment of the Clinton Circuit Court being affirmed.

In *Lake Erie, etc., R. Co.* v. *City of Noblesville*, 16 Ind. App. 20, the action originated before a mayor, and in the

circuit court the judgment was in favor of the plaintiff for $20. The appeal was taken by the defendant to the Supreme Court, and by that court, at its May term, 1896, the cause was transferred to this court, by which the judgment was affirmed.

*Ridge* v. *City of Crawfordsville*, 4 Ind. App. 513, was an appeal by the defendant in an action which originated before a mayor, the judgment of the circuit court being in favor of the plaintiff for $10 and costs. This court dismissed the appeal. The court said: "§632 R. S. 1881, provides for appeals to the Supreme and Appellate Courts from all final judgments of circuit and superior courts, except in cases originating before a mayor or justice of the peace, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars." This was plainly an oversight, for the statute to which reference was thus made, as already observed, was enacted long before the creation of the Appellate Court. The decision is plainly in conflict with the later action of the Supreme Court as well as of this court, and should be regarded as overruled.

For the reasons which I have indicated, I am constrained to dissent from the decision of the majority of the court.