## YAKEY v. LEICH ET AL.

[No. 5,635. Filed February 23, 1906.]

1. APPEAL AND ERROR.—*Jurisdiction.*—*Amount Involved in Appeal.*—An action for the recovery of $29.38, filed May 5, 1903, in which judgment for such amount was rendered March 9, 1904, can not be appealed to the Supreme or Appellate Court, since the act of 1903 (Acts 1903, p. 280, §1337f Burns 1905) limits such appeals, with certain exceptions, to judgments exceeding $50. p. 394.

2. SAME. — *Jurisdiction.* — *Raising Question.*—The Appellate Court will take notice of its lack of jurisdiction, and dismiss an appeal where its jurisdiction is wanting. p. 394.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Action by Charles Leich and others against Joseph W. Yakey. From a judgment for plaintiffs, defendant appeals. *Appeal dismissed.*

*Slinkard & Slinkard,* for appellant.

*W. L. Cavins* and *Charles E. Henderson,* for appellees.

COMSTOCK, J.—Appellees were plaintiffs below, and as partners sued Joseph W. Yakey, appellant, as clerk of the Greene Circuit Court, to recover the sum of $29.38,

1.  alleged to have been paid to said clerk for their use and benefit, and which he refused to pay to them upon their demand. The cause was put at issue by general denial, and the trial by court resulted in a judgment in favor of appellees for $29.38. The complaint was filed May 5, 1903, and judgment rendered March 9, 1904. At the commencement of the action and at the date of the rendition of the judgment, §1337f Burns 1905, Acts 1903, p. 280, §1, in force March 9, 1903, defined the jurisdiction of appeals in civil cases in the following language: "No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed $50, except as provided in section eight of this act."

There is not in this case any question mentioned
2.  in section eight. This court must take notice of its want of jurisdiction. *Everett Piano Co.* v. *Bash* (1903), 31 Ind. App. 498, and cases cited.

The lack of jurisdiction appears, and the appeal is therefore dismissed.