## STREBIN v. MYERS.

[No. 6,224.   Filed October 14, 1908.]

1. ·APPEAL.—*Jurisdiction.*—*Judgment for Less than $50.*—*Mechanics' Liens.*—An appeal lies from a decree foreclosing a mechanic's lien, although the judgment therein is for less than $50.   p. 381.
2. SAME.—*Assignment of Errors.*—*New Trial.*—*Questions Presentable thereunder on Appeal.*—Under an assignment that the trial court erred in overruling appellant's motion for a new trial, the question of the weight of the evidence may be raised on appeal. p. 382.
3. SAME.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence.   p. 382.

From Miami Circuit Court; *Joseph N. Tillett*, Judge.

Suit by Samuel Myers against Frederick H. Strebin. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Reasoner & Ward*, for appellant.
*David E. Rhodes* and *John F. Lawrence*, for appellee.

MYERS, P. J.—Appellee brought this suit in the Miami Circuit Court against appellant to foreclose a mechanic's lien for work and labor performed for appellant in the construction of a certain dwelling-house. Upon a trial appellee had judgment for less than $50 against appellant, and a foreclosure of a mechanic's lien, was decreed against the property described in the complaint.

The judgment being for less than $50, appellee contends that this appeal should be dismissed. Appellee's contention is based upon an act approved March 9, 1903 (Acts 1903, p. 280, §1, §1389 Burns 1908). That act has reference to civil actions which are within the juris-

diction of a justice of the peace, except as provided in section eight of the act of 1901 (Acts 1901, p. 565, §1391 Burns 1908), and which does not include a suit to enforce a mechanic's lien. The relief sought and obtained by this suit was the foreclosure of a mechanic's lien, and the sum due was incidental thereto. The subject-matter of this suit not being within the jurisdiction of a justice of the peace, the right of appeal is not controlled by the act on which appellee relies. *Knowlton* v. *Smith* (1904), 163 Ind. 294.

The only error assigned and not waived is the overruling of appellant's motion for a new trial.

Under this assignment the only question discussed is the sufficiency of the evidence to support the decision of the trial court. This question may be raised under the aforesaid assignment of error. *Parkison* v. *Thompson* (1905), 164 Ind. 609; *Seiberling & Co.* v. *Porter* (1905), 165 Ind. 7.

Appellant calls our attention to the act of 1903 (Acts 1903, p. 338, §8, §698 Burns 1908), and insists that we "consider and weigh all the evidence" given in the cause, and "award judgment according to the clear weight of the evidence." We have read all the evidence exhibited by the transcript before us, and while it might be said that there is room for argument as to the weight of the evidence bearing upon certain material facts, the burden of which was upon appellee, yet it cannot be said that any such facts are unsupported by evidence. Many of the elements of this controversy were made to depend upon inferences to be drawn from facts and circumstances related by the parties and witnesses wholly from memory. There is sharp conflict in the testimony regarding some of the issuable facts, but we are not at liberty to disturb the judgment of the trial court, on our opinion as to the weight to be given conflicting testimony. *Parkison* v. *Thompson, supra; Hudelson* v. *Hudelson* (1905), 164 Ind. 694; *Seiberling &*

*Co.* v. *Porter, supra; Ray* v. *Baker* (1905), 165 Ind. 74; *United States, etc., Paper Co.* v. *Moore* (1905), 35 Ind. App. 684.

Judgment affirmed.