## CHICAGO AND ERIE RAILROAD COMPANY
### *v.* EBERSOLE.

[No. 21,264.    Filed January 13, 1910.]

1. APPEAL.—*Amount Involved.*—Where a judgment, exclusive of interest and costs, does not exceed $50, no appeal lies to the Supreme or Appellate Court (§1389 Burns 1908, Acts 1903, p. 280, §1), unless a question is duly presented concerning the validity of a franchise, the validity of a municipal ordinance, the constitutional validity of a federal or state statute, or rights guaranteed by the state or federal Constitution (§1391 Burns 1908, Acts 1901, p. 565, §8). p. 333.

2. APPEAL.— *Jurisdiction.— Constitutional Question.— Contract.— Rescission.—Wages.—Future Assignments.*—In an action against a railroad company for wages, the defense being that the plaintiff had assigned such wages, a part of which had not been earned at the time of the assignment, and plaintiff contended and proved that such assignment had been rescinded, to the defendant's knowledge, the court rendering a judgment for the plaintiff for $15.54, the proper construction of §§7987, 7984 Burns 1908, Acts 1899, p. 193, §§4, 1, prohibiting the assignment of future wages, and providing that such act shall not apply to employes of interstate carriers, is not presented, the Supreme Court having no power to disturb the findings, or to determine their correctness, the decision not really involving the question of the right of assignment of future wages. p. 333.

From Huntington Circuit Court, *Samuel E. Cook,* Judge.

Action by Joseph A. Ebersole against the Chicago and Erie Railroad Company. From a judgment for plaintiff, defendant appeals (appealed to United States Supreme Court, see ——, U. S. ——). *Appeal Dismissed.*

*C. W. Watkins* and *D. C. Harrington,* for appellant.
*Branyan, Branyan & Branyan,* for appellee.

MONKS, J.—Appellee recovered judgment for $15.54 for wages alleged to be due to him for work and labor performed for appellant.

Section 1389 Burns 1908, Acts 1903, p. 280, §1, provides that no appeal can be taken to the Supreme or Appellate

1. Courts in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50—except as provided in section eight of the act of 1901 (Acts 1901, p. 565, §1391 Burns 1908). Under the section last cited, "every case" not appealable because of the prohibition of §1389, *supra,* because the judgment exclusive of interest and costs does not exceed $50, "in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal Constitution, and which case would be otherwise unappearable [unappealable] by virtue of section six or section seven shall be appealable directly to the Supreme Court, for the purpose of presenting such question only." As the judgment in this case, exclusive of interest and costs, does not exceed $50, the same is not appealable except under the provisions of §1391, *supra.*

2. Appellant says in its brief that this appeal is brought to this court under said §1391, *supra,* ".for the proper construction" of sections one and four of the act of 1899 (Acts 1899, p. 193, §§7984, 7987 Burns 1908). Appellant also insists "that §7987, *supra,* is in violation of article 1, §10, of the federal Constitution and of §1 of the 14th amendment to the federal Constitution." Section 7987, *supra,* prohibits and makes unlawful the assignment of future wages, and the part of §7984, *supra,* which appellant wishes "properly construed," provides "that this act shall not apply to any employe engaged by a common carrier in interstate commerce."

Said act of 1899, *supra,* was held unconstitutional and void, so far as it provided for the weekly payment of wages and imposed a penalty for the violation of that provision, in the case of *Republic Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 62 L. R. A. 136. Said act was held constitutional and valid, so far as it prohibited and made unlawful the assign-

ment of future wages, and imposed a penalty for the violation of that provision, in the case of *International Text-Book Co.* v. *Weissinger* (1903), 160 Ind. 349, 65 L. R. A. 599, 98 Am. St. 334.

It appears from the record that appellant was a common carrier engaged in interstate commerce; that appellee was one of its employes; that by a written contract he assigned his said wages, amounting to $15.54, to the "International Text-Book Company, of Scranton, Pennsylvania, proprietors of the International Correspondence School;" that the sum of $9.54 thereof had been earned and was due when the assignment was made, and the remaining $6 had not been earned, but was future or unearned wages at the time of said assignment. It is clear, however, from the special findings and the conclusions of law thereon, made at the request of appellant, that the finding and judgment of the court in favor of appellee were upon the theory that said contract of appellee, assigning his said wages to the International Text-Book Company, had been rescinded before appellant issued a voucher to said International Text-Book Company for the payment of said wages to it, and that appellant knew of said rescission before it issued said voucher. As said finding and judgment in favor of appellee were upon the theory of a rescission of said contract of assignment, the question of the proper construction of said sections, or their constitutionality was not involved, presented or decided, for the reason that if said contract was rescinded it was the same, so far as this case is concerned, as if no such contract had ever been executed by appellee. In such case there could be no question of appellee's right to recover the judgment from which the appeal was taken, under any construction of said sections, or even if they were unconstitutional, as claimed by appellant.

Appellant contends, however, that the facts found do not show a rescission of said contract of assignment; that the facts found are not sufficient to sustain the conclusion of law

that the same was rescinded, and that the conclusions of law are not sufficient to sustain the judgment in favor of appellee.   We have no authority to determine as to the correctness of said contentions of appellant, because the case is not appealable under §1391, *supra,* for the determination of such questions.   The jurisdiction of this court in this case is limited by §1391, *supra,* to a "proper construction" of said sections and their constitutionality, which questions, as we have shown, are in noway involved in this case or presented by the record.   *Terre Haute, etc., R. Co.* v. *Erdel* (1902), 158 Ind. 344; *Deane* v. *State* (1902), 159 Ind. 313, 316; *Mendenhall* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 132, 136; *Hood* v. *Baker* (1905), 165 Ind. 562, 565; *Stults* v. *Board, etc.* (1907), 168 Ind. 539, 544-546.

The appeal is therefore dismissed.