## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. SNEATH GLASS COMPANY.

[No. 22,561.   Filed December 16, 1914.   Rehearing denied
April 13, 1915.]

1. APPEAL.—*Judgments Appealable.—Review.—Dismissal.*—Under the provisions of §§1389, 1391 Burns 1914, Acts 1903 p. 280, Acts 1901 p. 565, no appeal can be taken to either the Supreme or Appellate Court in cases where the amount in controversy, exclusive of interest and costs, does not exceed $50, unless there is a question duly presented involving the validity of a franchise or ordinance, or the constitutionality of a statute, etc., hence in an action by a railroad company to recover $39.40 erroneously refunded to a shipper on account of an alleged overcharge in freight rates, defended by the shipper on the ground that in procuring the money to be refunded it was acting solely as an intermediary between plaintiff and the firm to whom shipment was made and that the money refunded was paid by it to such firm, no question was presented to authorize an appeal from the judgment rendered, and a dismissal of the appeal was required.

From Blackford Circuit Court; *Wm. H. Eichhorn*, Judge.

Action by The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company against the Sneath Glass Company. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*G. E. Ross*, for appellant.

*Jay A. Hindman, Aaron M. Waltz* and *Ashley G. Emshwiller*, for appellee.

ERWIN, C. J.—In the year 1908, the appellant accepted from appellee and undertook to transport a consignment of glass from Hartford City, Indiana, to John McGuigan & Co., at San Francisco, California, the rate for transporting, which appellant had quoted to appellee, was one dollar per hundred pounds.   The goods were transported by appellant to Chicago, Illinois, and there delivered to the Atchison,

Topeka and Santa Fe Railroad Company, which last named company transported the same to San Francisco, California, and there made delivery thereof to the consignee and collected the charges of transportation, at the rate of one dollar and ten cents per hundred pounds, that being the correct and proper schedule rate therefor. That subsequently appellee presented to appellant a claim covering the difference between the rate appellant quoted appellee and the amount the Atchison, Topeka and Santa Fe Railroad Company charged, and the appellant believing that a mistake had been made and an erroneous amount collected, refunded to appellee the sum of $39.40, and subsequently discovering that it had erroneously refunded said amount, demanded repayment from appellee, which appellee refused. Upon such refusal, this action was brought by appellant to recover the amount. To this complaint appellee filed an answer in two paragraphs, the first a general denial; the second paragraph alleged in substance that the appellee made sale of the glass to John McGuigan & Co. upon the basis of the rate of transportation quoted by appellant, namely, one dollar per hundred pounds, and that in making said inquiry of appellant for said rate and in collecting the amount so refunded by appellant, appellee was acting solely as intermediary between appellant and John McGuigan & Co., and not otherwise; that when the sum of $39.40 was refunded to appellee, it was at once paid by appellee to said John McGuigan & Co. The filing of a reply of general denial to this second paragraph of answer put the case at issue.

This cause was submitted to the court for trial upon a statement of agreed facts which are substantially as averred in the second paragraph of answer. The court adjudged that appellant take nothing, and that it pay the costs. From that judgment appeal is taken to this court.

The statute of this State governing appeals to this court is as follows: "No appeal shall hereafter be taken to the

140    SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Sneath Glass Co.—183 Ind. 138.

supreme court or appellate court in civil cases where the amount in the controversy, exclusive of interest and costs, does not exceed $50.00, except as provided in section 8 of this act.'' §1389 Burns 1914, Acts 1903 p. 280. Section 8 of this act is as follows: ''Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of. an ordinance of a municipal corporation or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal constitution, and which case would be otherwise unappealable by virtue of section (6) or section seven (7), shall be appealable directly to the supreme court, for the purpose of preventing such question only.'' §1391 Burns 1914, Acts 1901 p. 565.

It is conceded by appellee that the Federal statute known as the Elkins Act of February 19, 1903, applies to this kind of cases, but it contends that it was not liable under any statute either State or Federal, because it was simply the agent of John McGuigan & Co., and that appellant should have brought its suit against John McGuigan & Co. No question is presented on this appeal which brings this case within the provisions of §8, *supra.* It but remains for us to dismiss this appeal, which is accordingly ordered at appellant's cost.

NOTE.—Reported in 107 N. E. 72. As to interference by state courts with execution of federal court process, see 76 Am. Dec. 223. See also, 2 Cyc. 542; 3 Cyc. 189.