## SCHULTZ ET AL. v. ALTER.

[No. 8,807.  Filed November 24, 1915.]

APPEAL.—*Judgments Appealable.—Amount.*—Under §§1389, 1391 Burns 1914, Acts 1903 p. 280, Acts 1901 p. 565, prohibiting appeals to the Supreme or Appellate Court where the amount in controversy does not exceed fifty dollars, except where the validity of a franchise, ordinance or statute is questioned, or some constitutional right is involved, appellate jurisdiction is determined by the amount claimed by plaintiff if defendant prevailed below, and, at least in the absence of a set-off or counterclaim, by the amount of the judgment if the plaintiff prevailed; hence, where plaintiff asked for $150 damages and recovered a judgment for $25, the court could not entertain defendant's appeal therefrom, in the absence of any questions to bring it within the statutory exceptions.

From Jasper Circuit Court; *Charles W. Hanley*, Judge.

Action by Leslie B. Alter against Paul L. Schultz and others. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*John A. Dunlap*, for appellant.
*George A. Williams*, for appellee.

IBACH, C. J.—Appellee brought this action against appellants in the Jasper Circuit Court, asking $150 damages for the death of a brood mare, alleged to have been caused by appellants' negligence, and recovered a judgment for $25, from which appellants are appealing. Under §§1389, 1391 Burns 1914, Acts 1903 p. 280, Acts 1901 p. 565, no appeal can be taken to the Supreme Court or Appellate Court in a civil case, where the amount in controversy, exclusive of interest and costs, does not exceed $50, unless there is duly presented the question of the validity of a franchise or the validity of a municipal ordinance, or the constitutionality of a statute, or the construction of a statute, or constitutional rights. *Yakey* v. *Leich* (1906), 37 Ind. App. 393, 76 N. E. 926; *Sears* v. *Carpenter* (1905), 164 Ind. 584, 74

N. E. 244; *Pittsburgh, etc., R. Co.* v. *Sneath Glass Co.* (1915), 183 Ind. 138, 107 N. E. 72. There is nothing in this case to bring it within the exceptions.

"Ordinarily the amount claimed by plaintiff determines the appellate jurisdiction where defendant prevails in the court below. * * * But, however this may be, when defendant appeals, it is held in most jurisdictions, (including Indiana) that, at least in the absence of a set-off or counterclaim, the judgment, or the amount by the payment of which he may discharge himself, and not the amount of plaintiff's claim determines the appellate jurisdiction." 3 C. J. 403, 404. *Painter* v. *Guirl* (1880) 71 Ind. 240; *Cincinnati, etc., R. Co.* v. *McDade* (1887), 111 Ind. 23, 12 N. E. 135; *Baker* v. *Groves* (1891), 126 Ind. 593, 26 N. E. 1076.

The question of jurisdiction is not raised in the briefs, but this court must take notice of its lack of jurisdiction. *Yakey* v. *Leich, supra.* Since the amount in controversy is but $25, we have no jurisdiction and the appeal is dismissed.

NOTE.—Reported in 110 N. E. 230. See, also, 2 Cyc 559.