## THE MANTLE LAMP COMPANY *v.* BONICH.

[No. 9,382. Filed December 9, 1915.]

1. APPEAL.—*Right of Appeal.—Amount in Controversy.*—An appeal does not lie from the judgment against plaintiff in an action originally filed before a justice of the peace for the recovery of a sum less than fifty dollars, and in which no question is involved to bring the case within the exceptions provided by §§671, 1391 Burns 1914, §632 R. S. 1881, Acts 1901 p. 565.   p. 276.

2. APPEAL.—*Right of Appeal.—Amount in Controversy.*—Where the circuit court sustains a demurrer to the complaint and, on refusal to amend, renders judgment for the defendant, in an action commenced before a justice of the peace, the amount in controversy as affecting the right to appeal is to be determined from the complaint.   p. 276.

From Lake Superior Court; *Charles E. Greenwald*, Judge.

Action by The Mantle Lamp Company against John Bonich. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*Dwight M. Kinder*, for appellant.

*Bomberger, Curtis, Starr & Peters* and *H. D. Davis*, for appellee.

HOTTEL, J.—This is an appeal from the Lake Superior Court in a cause which originated before a justice of the peace wherein appellant sought to recover of appellee $44.50 for merchandise sold and delivered to another on appellee's letter of credit. A demurrer to the complaint was sustained, and appellant refusing to amend, judgment was rendered for appellee. The ruling on said demurrer is relied on by appellant as constituting reversible error. Appellee has filed a motion to dismiss the appeal on the ground that this is an action which originated before a justice of the peace and that the amount in controversy is less than $50. It is contended by appellee that such a case is made nonappealable by §§671, 1389 Burns 1914, §632 R. S. 1881, Acts 1903 p. 280. This contention is supported by the express language of the statute and by the construction placed thereon by both the Supreme Court and this court. This case falls within neither of the exceptions mentioned in either §671, *supra*, or §8 of the act approved March 12, 1901, Acts 1901 p. 565, the latter exceptions being §1391 Burns 1914, nor is it controlled by the cases of, *Hall* v. *Durham* (1888), 113 Ind. 327, 15 N. E. 529; *Strebin* v. *Myers* (1908), 42 Ind. App. 381, 85 N. E. 784; *Knowlton* v. *Smith* (1904), 163 Ind. 294, 71 N. E. 895, relied on by appellant.

Where, as in this case, the plaintiff brings his action before a justice of the peace and seeks to recover a money judgment, and by his complaint shows the amount in controversy to be less than $50 and the trial court sustains a demurrer to such complaint and judgment is rendered for the defendant, "the amount in controversy"

for the purposes of §671 or §1389, *supra*, is necessarily determined from the complaint. *Schultz* v. *Alter* (1915), *ante* 245, 110 N. E. 230, and cases cited; *Colliery Engineer Co.* v. *American Car, etc., Co.* (1901), 157 Ind. 111, 112, 60 N. E. 941, and cases cited; *Chicago, etc., R. Co.* v. *Ebersol* (1910), 173 Ind. 332, 90 N. E. 608; *City of Greensburg* v. *Cleveland, etc., R. Co.* (1899) 23 Ind. App. 141, 55 N. E. 46. The appeal is therefore dismissed.

NOTE.—Reported in 110 N. E. 558. See, also, under (1) 3 C. J. 380; 2 Cyc 561; (2) 3 C. J. 403; 2 Cyc 559.