## GREER v. LAKE ET AL.

[No. 9,140. Cause transferred to Supreme Court January 4, 1917.]

COURTS.—*Appellate Jurisdiction.—Statutes.—Construction.* — Under §1389 Burns 1914, Acts 1903 p. 280, providing that appeals shall not be taken to the Supreme or Appellate Courts in any civil case where the amount in controversy, exclusive of interests and costs, does not exceed $50, except as provided in §1391 Burns 1914, Acts 1901 p. 565, declaring that in every case where the question of the validity or proper construction of a statute is presented, and which case would be otherwise unappealable under §1389 Burns 1914, shall be appealable directly to the Supreme Court, and the Appellate Court has no jurisdiction in a case where the judgment appealed from is less than $50, and such case is appealable to the Supreme Court for the sole and express purpose of procuring the construction of a statute.

From Morgan Circuit Court; *Nathan A. Whittaker,* Judge.

Action by Martin Lake and another against James C. Greer. From a judgment for plaintiffs, the defendant appeals. *Transferred to Supreme Court.*

*S. C. Kivett* and *G. J. Kivett,* for appellant.

*H. L. McGinniss* and *Will H. Pigg,* for appellees.

CALDWELL, J.—The board of commissioners of Morgan county, in proceedings brought to that end, ordered a certain public highway to be graded, rebuilt and surfaced, under the provisions of §7711 *et seq.* Burns 1908, Acts 1905 p. 521, 550, commonly known as the three-mile road law. Appellant was the contractor. In performing the work he destroyed certain fences on appellees' lands and made certain extensive excavations thereon, by reason of which appellees brought this action against him in the Morgan

Circuit Court to recover damages alleged to have been suffered by them. A trial resulted in a verdict for $40, on which judgment was rendered.

The fact that the judgment does not exceed $50 invokes the application of §§1389, 1391 Burns 1914. The former is §6 of the act of 1901 (Acts 1901 p. 565), as amended in 1903 (Acts 1903 p. 280). Originally this section was to the effect that appeals in civil cases within the jurisdiction of a justice of the peace should not be taken to the Supreme or Appellate Court, except as provided in §8 of the act. As amended in 1903, it is as follows: ''No appeal shall hereafter be taken to the Supreme or Appellate Court in any civil case where the amount in controversy, exclusive of interest and costs, does not exceed $50, except as provided in §8 of this Act. Section 8 of the act of 1901 (§1391, *supra*) remains unchanged, and is as follows: ''Every case in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation or the constitutionality of a statute, state or federal, or the proper construction of a statute, or rights guaranteed by the state or federal constitution, and which case would be otherwise unappealable by virtue of section six (6) or section seven (7), shall be appealable directly to the Supreme Court, for the purpose of presenting such question only.''

Section 7 referred to in the foregoing section is §1390 Burns 1914. It deals only with criminal cases, and is, therefore, not applicable here. Section 9 of the act of 1901 was in part as follows: ''No appealable case shall hereafter be taken directly to the Supreme Court, unless it be within one of the following classes: First. Cases in which there is in question, and such question is duly presented, either the validity of a franchise, or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or rights guaranteed by the state or federal constitution. * * * All other

appealable cases shall be taken to the Appellate Court." The quoted portion of §9 was amended in 1907 (Acts 1907 p. 237), to read as follows: "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.: First. All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution. * * * All appealable cases, other than those herein mentioned, shall be taken to the Appellate Court." The section as amended is §1392 Burns 1914.

Of the exceptions specified by §1391, *supra,* by virtue of the existence of which this cause might be appealable, there is no contention that any are involved except it be a question of the proper construction of a statute. If such question is involved and duly presented, the cause is appealable by virtue of such section. As we must first ascertain whether this court has jurisdiction to hear this appeal in the event that it is appealable, we do not at this time determine whether the proper construction of a statute is involved and presented.

This court has assumed jurisdiction of like appeals at least to the extent of determining that the question involved therein did not come within any of the exceptions specified by §1391, *supra. Schultz* v. *Alter* (1915), 60 Ind. App. 245, 110 N. E. 230; *Mantle Lamp Co.* v. *Bonich* (1915), 60 Ind. App. 275, 110 N. E. 558; *Yakey* v. *Leich* (1905), 37 Ind. App. 393, 76 N. E. 926. Like cases have been appealed directly to the Supreme Court also, and final disposition has been made of them by such court. *Pittsburgh, etc., R. Co.* v. *Sneath Glass Co:* (1914), 183 Ind. 138, 107 N. E. 72; *Chicago, etc., R. Co.* v. *Anderson* (1914), 182 Ind. 140, 105 N. E. 49; *Chicago, etc., R. Co.* v. *Ebersole* (1909), 173 Ind. 332, 90 N. E. 608; *Stults* v. *Board, etc.* (1907),

168 Ind. 539, 81 N. E. 471, 11 Ann. Cas. 1021; *Hood* v. *Baker* (1905), 165 Ind. 562, 76 N. E. 243.

Section one of the act creating the Appellate Court (Acts 1891 p. 39), as amended in 1893 (Acts 1893 p. 29, §1382 Burns 1914), conferred jurisdiction on such court over all appeals in actions for the recovery of a money judgment only where the amount in controversy, exclusive of costs, did not exceed $3,500. Certain causes were excepted, however, as those involving the constitutionality of a statute, etc. The effect of §9 of the act of 1901, *supra,* however, was to extend to the Appellate Court jurisdiction in such cases regardless of the amount in controversy, subject to exceptions as indicated by the quoted portions of such sections, *supra.* Such section, as amended in 1907 (Acts 1907 p. 237, §1392 Burns 1914), provides in its fourteenth subdivision, however, that all cases wherein the amount of money in controversy, exclusive of interest and costs on the judgment of the trial court exceeds $6,000 shall be taken directly to the Supreme Court. There are exceptions here also as indicated by the quoted portion of said section, *supra.* The effect of the amendment is to limit the jurisdiction of the Appellate Court in such cases to appeals wherein the amount in controversy does not exceed $6,000. It will be observed that under the various statutes and amendments to which we have last referred in the absence of the applicability of 'some exception, jurisdiction in this appeal would be in the Appellate Court. But by the terms of §1389, *supra,* this cause is not appealable to either the Supreme or Appellate Court, unless it comes with an exception specified by §1391, *supra.* If §1392, *supra,* should be considered alone, jurisdiction in this appeal would be in the Appellate Court, by reason of the fact that the amount in controversy does not exceed $6,000. But by the terms of §1389, *supra,* this cause is not appealable to the Appellate Court, and as a consequence, the Appellate Court has no jurisdiction over it, unless such a result is prevented by

recourse to some exception contained in §1391, *supra,* or by some other statute. There is no such other statute. Section 1391 does not refer to the Appellate Court, but provides that if this cause comes within any of the exceptions noted by such section, · it shall be appealable directly to the Supreme Court.

From the organization of the Appellate Court, there have been provisions under the various acts by which in effect causes might be appealable to the Supreme Court from trial courts through the Appellate Court. §1392 Burns 1914, *supra*; §10, Acts 1901 p. 565, §1394 Burns 1914; §25, Acts 1891, *supra;* §3, Acts 1893, *supra;* §1429 Burns 1914. In view of such fact, the language contained in §1391, *supra,* that causes coming within any exception outlined by that section "shall be appealable directly to the Supreme Court," is significant. Like language is used in §1392, prescribing the jurisdiction of the Supreme Court, as "hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court." Such language apparently is used in recognition that there may be not only a direct appeal to the Supreme Court, but also what may be denominated an indirect appeal from the trial court through the Appellate Court to the Supreme Court. If so, §1392 apparently authorizes the former. In our judgment sections 1391 and 1392 should be construed together, with the result that the jurisdiction of the Supreme Court is confined to appeals in causes that are included in the classes specified by the latter, except that jurisdiction is in that court also over causes appealable for limited purposes by virtue of the exceptions indicated by the former. Otherwise the two sections are to an extent contradictory, unless by the term "appealable cases" as used in §1392, *supra,* the legislature did not intend to include causes appealable only for limited purposes by virtue of §1391, *supra.* A construction as indicated is in harmony with very substantial reasons why jurisdiction should be in that court

over causes appealable for the sole and express purpose of procuring the construction of a statute. We therefore conclude that this court has no jurisdiction over this appeal.

Per Curiam: It is ordered on the foregoing opinion that this cause be transferred to the Supreme Court for want of jurisdiction in this court to hear and determine it.