## ROSS, RECEIVER, v. GALLOGLY.

[No. 23,136. Filed October 29, 1918.]

COURTS. — *Appellate.* — *Decisions Reviewable.* — *Construction of Statute.*—*Briefs.*—In an appeal from a judgment for less than $50 against a railroad company for negligence in selling an unauthorized ticket for an interstate trip, the Supreme Court will not entertain jurisdiction under §8, Acts 1901 p. 565, §1391 Burns 1914, on the ground that the construction of the Interstate Commerce Act is involved, where the appellant fails to show in its brief wherein such act is ambiguous or susceptible of more than one construction.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by Thomas M. Gallogly against Walter L. Ross, receiver of the Toledo, St. Louis & Western Railroad Company. From a judgment for the plaintiff, the defendant appeals. *Appeal dismissed.*

*Charles G. Guenter, Braden Clark, Geddes Van Brunt, Charles A. Schmettau* and *Clark J. Lutz,* for appellant.

*Peterson & Moran* and *Thomas M. Gallogly,* for appellee.

MYERS, C. J.—This action originated before a justice of the peace, where appellant defaulted and judgment was entered in favor of appellee. Appellant appealed from the judgment of the justice to the court below and filed a demurrer to the complaint for want of facts, which was overruled. He then answered by a general denial. A trial by the court resulted in a judgment in favor of appellee and against appellant for $13. The

overruling of appellant's motion for a new trial and the ruling of the court on the demurrer are here separately assigned as error.   It appears from the complaint that on January 5, 1915, appellee purchased from appellant a Home-seekers' round-trip ticket from Decatur, Indiana, to Oklahoma City, Oklahoma, and return.   This ticket provided for stop-over privileges at certain points, among others, Bartlesville, Oklahoma, a town located on the Missouri, Kansas and Texas Railroad, a connecting line of appellant out of St. Louis, and over which appellee was routed.   Returning from Oklahoma City, appellee stopped at Bartlesville for a few days, and then took passage on one of the trains of the Missouri, Kansas and Texas Railroad Company for St. Louis, tendering to the ticket collector thereon a coupon of said ticket, according to its wording entitling him to transportation from Bartlesville to St. Louis.   The collector refused to accept the coupon, marked it refused, and demanded of appellee a cash fare of $10, or that he leave the train.

The theory of the complaint is negligence and carelessness in selling appellee an unauthorized ticket, whereby he was damaged, in that he was compelled to pay an additional cash fare of $10 and other expenses in the sum of $3, and to suffer humiliation by reason of threats of violence to his person, made in the presence of divers and sundry passengers by the agents and employes of the Missouri, Kansas and Texas Railroad Company in charge of the train on which he was riding.

Appellee has filed a motion to dismiss this appeal on the ground that the judgment appealed from is less than $50.   This motion is grounded upon §6 of Acts 1901 p. 565, as amended in 1903.   Acts 1903 p. 280, §1389 Burns 1914.

Appellant insists that this motion is not well taken for the reason that this appeal involves the construction

of the Interstate Commerce Act and is allowed under §8, Acts 1901 p. 565, §1391 Burns 1914. Appellant in effect says that, unless this appeal involves the construction of a statute, there is no question before this court and the appeal should be dismissed.

As we read this record and the briefs of counsel, we are clearly of the opinion that the question here for decision on the motion to dismiss is controlled by the ruling of this court in the case of *Terre Haute, etc., R. Co.* v. *Erdel* (1901), 158 Ind. 344, 62 N. E. 706. Section 8 of the act relied on by appellant was construed in that case, and the construction thus adopted and the reasons given for denying that appeal are especially applicable to the question under consideration. Appellant has not attempted to point out wherein the Interstate Commerce Act, or any section thereof, is at all doubtful, uncertain, or ambiguous in meaning, or that the intent of Congress is not perfectly plain from the language used. The assault on the complaint tendered by the demurrer for want of facts, however decided by the trial court, cannot be reviewed by this court unless the record affirmatively shows that such decision involved the construction of a doubtful, uncertain, or ambiguous statute. It is the construction of the statute, and not the merits of such ruling generally, that gives this court jurisdiction. *Chicago, etc., R. Co.* v. *Anderson* (1914), 182 Ind. 140, 105 N. E. 49, Ann. Cas. 1917A 182; *Pittsburgh, etc., R. Co.* v. *Sneath Glass Co.* (1914), 183 Ind. 138, 107 N. E. 72; *Chicago, etc., R. Co.* v. *Ebersole* (1909), 173 Ind. 332, 90 N. E. 608; *Schultz* v. *Alter* (1915), 60 Ind. App. 245, 110 N. E. 230.

In the Terre Haute case it is said: "The assertion that the construction of a statute is involved does not make it so. The record must affirmatively show that some statute, or provision thereof, is reasonably subject to more than one construction, or may be reasonably

regarded as ambiguous or uncertain in meaning, and that the question presented invokes an interpretation of the statute, and affects the rights of the party presenting it. The phrase, 'construction of a statute,' as used in the new act, means to interpret, to elucidate, to define and declare the meaning of that which is obscure and uncertain, and can have no application to a statute in which there is nothing doubtful or ambiguous in its terms."

The record before us does not present a statute for construction within the meaning and intent of §8, *supra,* and for this reason this court has no jurisdiction to determine the question sought to be presented by this appeal

Appeal dismissed.

NOTE.—Reported in 120 N. E. 599.