## GALVIN v. BROWN.

[No. 10,451. Filed January 10, 1919. Rehearing denied May 9, 1919.
Transfer denied June 26, 1919.]

1. APPEAL.—*Right of Appeal.*—The right of appeal is wholly stat-
utory, éxcept where expressly secured by the Constitution.  p. 32.
2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appli-
cant's Attorney's Fee.—Right to Review.*—Under the Workmen's
Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp.
1918), no appeal is authorized from an order of the Industrial
Board fixing the amount of attorney's fee due applicant's attor-
ney for services rendered in securing an award.  p. 34.
3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.
—Dismissal.*—As an appeal to the Appellate Court from an allow-
ance of fees for applicant's attorney is unauthorized under the
Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.*
Burns' Supp. 1918), it will be dismissed, even though the ques-
tion is not raised by appellee.  p. 34.
4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.
—Decisions Reviewable.*—As §61 of the Workmen's Compensation
Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), provides
for an appeal to the Appellate Court only from an award by the
full board, where the record discloses an award by less than the
full board, an appeal is unauthorized and must be dismissed.
p. 34.

From the Industrial Board of Indiana.

Proceedings for compensation under the Work-
men's Compensation Act by Harry C. Brown. From
an order made by part of the Industrial Board, fix-
ing the amount of attorney's fees due applicant's at-
torney, George W. Galvin, the latter appeals.

*George W. Galvin,* for appellant.

*James W. Noel, Eugene Iglehart* and *Clinton H.
Givan,* for appellee.

BATMAN, P. J.—The record in this case discloses
that appellee, Harry C. Brown, was an employe of
Nordyke and Marmon Company; that he received a

personal injury by accident arising out of and in the course of his said employment; that he filed an application before the Industrial Board for an adjustment of his compensation because of such injury, which resulted in a final award in his favor against his employer of $11 per week for 100 weeks beginning May 14, 1917; that afterwards appellee and his employer entered into an agreement, which was approved by the Industrial Board, whereby the latter's liability to appellee for 74 weeks of its compensation liability was redeemed by the payment of $796.89 in a lump sum; that appellant, George W. Galvin, represented appellee as his attorney in said proceedings; that some time after the adjustment and payment of said compensation appellee filed a petition before the Industrial Board asking that it fix the attorney fee due his said attorney for the services rendered by him in said matter; that appellant entered his special appearance to said petition and filed a plea in abatement; that afterward appellee's said petition and appellant's said plea in abatement were submitted to two members of the Industrial Board, who heard the evidence and took the cause under advisement; that said two members of the board subsequently overruled appellant's plea in abatement, and made a finding of facts, and entered an order, whereby the fee of appellant for services rendered appellee in the prosecution of his said claim for compensation was fixed and approved at the sum of $88 and appellant was ordered to return to appellee all moneys received and retained by him in excess of said sum; that appellant thereafter filed his petition for a rehearing, and asked an order setting aside and vacating the order theretofore made by the board relating to his

said attorney fee; that appellant presented his said petition in person to a single member of said board, and requested that he act thereon; and that said member, after considering said petition and being duly advised, overruled the same. Appellant is now attempting to prosecute an appeal from the order made by the two members of the board, relating to his said attorney fee. Appellee has filed a motion to dismiss the appeal on the ground that this court has no jurisdiction to hear and determine the same, because the record fails to show an award by the full Industrial Board.

In determining an appeal the question of jurisdiction is always of primary consideration. It is well settled that the right of appeal is wholly statutory, except where expressly secured by the Constitution. *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 115 N. E. 361. The right of appeal under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, is not a constitutional right, but a purely statutory one. The only provision of said act which confers any authority on the Industrial Board with reference to attorney fees is found in §65, which reads as follows: "Fees of attorneys and physicians and charges of hospitals for services under this act shall be subject to the approval of the board." It is apparent that this section gives the board power to approve fees of attorneys for services rendered an employe in the prosecution of his claim for compensation, but the question arises as to whether such approval is subject to review by this court on appeal. We must look to the act itself for a determination of this question. The only section of the act conferring the right of appeal

from the action of the Industrial Board is §61, as amended by the acts of 1917. (Acts 1917 p. 154, §8020q2 *et seq.* Burns' Supp. 1918). In order to determine the scope of the right thereby conferred, we must consider it in connection with certain of the preceding sections. Section 57, as amended by the act of 1917, provides that: "If after seven days from the date of the injury or at any time in case of death, the employer and the injured employe or his dependents reach an agreement in regard to compensation under this act, a memorandum of the agreement in the form prescribed by the Industrial Board shall be filed with the board," etc. Acts 1917 p. 227, §8020o2 Burns' Supp. 1918. Section 58 provides that: "If the employer and the injured employe or his dependents fail to reach an agreement in regard to compensation under this act * * * either party may make an application to the industrial board for a hearing in regard to the matters at issue and for a ruling thereon." Section 58, *supra,* and §§59, 60, as amended by the act of 1917, *supra,* provide for the manner of such hearing, for an award in pursuance thereof, and for a review of the same when made by less than all the members thereof. Section 61, *supra,* then follows and provides that: "An award by the full board shall be conclusive and binding as to all questions of fact, *but either party to the dispute may,* within thirty days from the date of such award, appeal to the appellate court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." (Our italics).

It is quite apparent that the dispute to which reference is made in said section is the difference be-

tween the employer and injured employe, aris-

2. ing from a failure to agree as provided in §58, *supra*. The act nowhere makes any express provision for an appeal from an order approving or disapproving attorney fees, and we fail to find any provision from which any such right can be properly implied. Certainly a provision for an appeal from an award growing out of a disagreement between an employer and an injured employe, with reference to the latter's compensation, cannot be so construed as to imply the right of appeal in a collateral matter, based on the action of the board in approving or disapproving attorney fees, which must necessarily arise out of an express or implied contract between the injured employe and his attorney. The two matters are so far unrelated as to forbid such an implication. We therefore conclude that there is no authority for an appeal from an order of the Industrial

3. Board approving or disapproving attorney fees. Having reached this conclusion, it is our duty to dismiss the appeal, although appellee has not raised the question in any form. *Schultz* v. *Alter* (1915), 60 Ind. App. 245, 110 N. E. 230.

But even if the law were otherwise with reference to the question we have been considering, we would still be compelled to dismiss this appeal on the

4. ground stated by appellee. The statute only provides for an appeal from an award by the full board. §61, Acts 1917 p. 154, *supra*. The record in this case fails to disclose any award from the full Industrial Board, and hence an appeal is unauthorized.

For the reasons stated, the appeal is dismissed.