## STAFFORD v. CONWELL, ADMINISTRATOR.

[No. 5,706. Filed October 13, 1905.]

STATUTES. — *Appeal and Error.* — *Costs.* — *State Docket Fee.* — *"Losing Party."*—An appellant who settles the cause appealed by receiving payment of an agreed sum from appellee and who files with the clerk an order in form, "The above cause is dismissed," is the "losing party" under §1337r Burns 1901, Acts 1901, p. 565, §18, and is liable for the payment of the state docket fee of $10.

From Howard Circuit Court; *J. F. Elliott,* Judge.

Action by Lydia J. Stafford against William H. Conwell as administrator of the estate of John R. Johnson, deceased. From a judgment for defendant, plaintiff appeals. *Motion to retax costs overruled.*

B. C. Moon, for appellant.

Blacklidge, Shirley & Wolf, for appellee.

MYERS, P. J.—A transcript of this case, on appeal from the lower court, was filed in this court May 1, 1905, and under the rules of the court the cause was submitted May 31. August 25 appellant filed, omitting the caption, the following dismissal: "The above cause is dismissed." On September 6 she filed a petition and motion, of which she gave notice to appellee, asking to be relieved from the payment of the $10 docket fee provided for by §1337r Burns 1901, Acts 1901, p. 565, §18, and which it is the duty of the clerk of this court to tax to the losing party as costs in each case, and collect, if collectible, and pay into the state treasury. Appellant says, in support of her motion, "That after this cause was appealed to this court she and the defendant compromised said cause whereby the defendant (appellee) paid to the plaintiff $250 in settlement of her claim, and she dismissed her appeal." Appellant contends that because she received $250 in settlement of her

cause of action she was not therefore a losing party, and ought not to be taxed and required to pay a docket fee.

From an examination of the various legislative enactments on the subject of docket fees, it is evident that our lawmaking power intended that litigants should assist in paying the expenses of the judicial department of the State, and to that end assessed a docket fee in each case against the losing party. Appellant brought her cause to this court on appeal, and caused the same to be placed upon its dockets. This done, a docket fee at once accrued to the State, which, under our statute, is to be taxed against and paid by the losing party. When she dismissed her appeal, that was a disposition of the case in this court. The reason for her dismissal is a matter about which the court can have no concern. It may be true that the appeal aided in bringing about a compromise; but, as appeals can only be prosecuted in this court upon an assignment of error based upon a claimed erroneous ruling or decision of the lower court involving a question of law, anything short of a confession of error by appellee or a decision of the court in her favor on the issue tendered by the appeal would make her the losing party, and therefore liable for the payment of the docket fee—the test being the manner of the disposition of the case on appeal, and not the effect of the compromise made by the parties as to who lost or won thereby in a pecuniary way, which determines who shall be considered the "losing party" under the statute, and liable for the payment of the docket fee.

Motion overruled.