SMITH v. SMITH.

[No. 9,268. Filed December 8, 1915.]

1. APPEAL.—*Costs.*—*Motion to Retax.*—*Notice.*—Where a motion was filed to retax the costs with respect to docket fees taxed on appeal, the notice of the motion was properly served on the attorney-general, under §9269 Burns 1914, Acts 1899 p. 124, since such fees are taxed for the benefit of the State. p. 264.

2. APPEAL.—*Costs.*—*Docket Fees.*—*"Submission".*—Section 9389 Burns 1914, Acts 1907 p. 92, providing for the taxation of a docket fee against the losing party as a part of the costs on appeal, except in the event the cause is dismissed by appellant before submission to the court, discloses no legislative intent that the

exception was intended to apply in all cases where the cause was dismissed before distribution for decision, since the word "submission" as applied to causes pending on appeal has a well understood meaning and the time for submission is expressly fixed by §693 Burns 1914, Acts 1885 p. 219, while no time certain is fixed for the distribution. p. 264.

From Howard Circuit Court; *Warren R. Voorhis, Special Judge.*

Action between Myrtle M. Smith and James G. Smith. From the judgment rendered, the former appealed. The appeal was dismissed on motion of appellant, who subsequently moved to retax the costs. *Motion to retax overruled.*

*Harness & Moon,* for appellant.

Hottel, J.—On April 24, 1915, appellant filed in the Supreme Court the transcript of the record in this cause. On April 29, 1915, on appellant's motion of same date the cause was transferred to this court. On May 24, 1915, the cause was submitted under §693 Burns 1914, Acts 1885 p. 219. On August 9, 1915, appellant filed a written dismissal of the appeal showing therein that the case had been compromised by the parties. The clerk has taxed against the appellant two docket fees, one in the Supreme Court and one in this court.

Appellant has filed a motion to retax the costs in respect to such items, and has served proper notice of such motion on the attorney-general. Such fees being taxed for the benefit of the State the

1. notice to the attorney-general was proper. §9269 Burns 1914, Acts 1899 p. 124. We are therefore required to determine whether said fees are authorized by statute. This question is controlled by §9389 Burns 1914, Acts

2. 1907 p. 92, which provides that as a part of the costs of a case on appeal $10 shall be taxed to the losing party "in each civil and each criminal

case, filed in either the supreme or appellate court, * * * *'Provided,* That if a cause shall be by the appellant dismissed *before a submission to the court,* no ·docket fee shall be taxed or collected". (Our italics.)   Appellant, in effect concedes that the fees here taxed were authorized under the law as it existed prior to the act of 1901 (Acts 1901 p. 565, §18, being §1337r Burns 1901, as construed in the case of *Stafford* v. *Conwell* (1905), 36 Ind. App. 313, 75 N. E. 600, but insists that by the proviso of such later act, above quoted, the legislature evidenced an intention to change the law as laid down in that case.   This is no doubt true, but such proviso evidences an intention on the part of the legislature to relieve from taxation of such fees those cases only which are dismissed "before a submission to the court".

We can not agree with appellant's contention that by the use of the word *"submission"* in said proviso the legislature intended and meant *"distribution".* There is nothing in the wording of the act to indicate any such intention.   The word *"submission"* as applied to a case pending in the appellate tribunal has a well understood meaning.   The *"submission"* of a cause *"for decision"* and the time therefor is expressly fixed and provided for by §693 Burns 1914, *supra,* while no time certain or definite is fixed for the distribution of a case.   Appellant's motion is therefore overruled.

NOTE.—Reported in 110 N. E. 558.